CONSOLIDATED STORE-SERVICE CO. v. LAMSON CONSOLIDATED STORE-SERVICE CO.

(*Circuit Court, D. Massachusetts.* March 25, 1890.)

CORPORATIONS—SUIT IN FOREIGN STATE—JURISDICTION OF FEDERAL COURTS.
    24 St. U. S. 552, which provides that no civil suit shall be brought in the federal courts against any person "in any other district than that whereof he is an inhabitant, " does not oust said courts of jurisdiction of a suit against a foreign corporation which has agreed, as a condition of the right to transact business in the state, to submit to be sued there, since the right given by the statute is a personal exemption, which may be waived.

In Equity.   On motion to dismiss.
*Causten Browne* and *Rodney Lund*, for complainant.
*Benjamin F. Thurston* and *M. B. Philipp*, for defendant.

COLT, J.   A motion has been filed by the defendant to dismiss this case for want of jurisdiction.   The bill as amended alleges that the plaintiff corporation was organized under the laws of the state of Maine, and that the defendant corporation was created under the laws of the state of New Jersey, and has its office and principal place of business in Boston, Mass., and that it has appointed, in writing, the commissioner of corporations for said commonwealth and his successor in office its true and lawful attorney, upon whom any process in any action or proceeding may be served, and in such writing agreed that any lawful process against it served upon said attorney should be of the same legal force and validity as if served upon said company, in accordance with chapter 330 of the Acts of the Legislature of said commonwealth passed in the year 1884.   The law of Massachusetts provides, as a condition precedent to a foreign corporation undertaking to establish itself in business in the commonwealth, that it shall make the commissioner of corporations of Massachusetts its attorney for the purpose of its subjection to process. The agreement entered into by the defendant corporation says:

—"To be the true and lawful attorney of said corporation in and for the said commonwealth, upon whom all the lawful processes in any action or proceeding against said corporation in said commonwealth may be served in like manner, and with the same effect as if said corporation existed therein; and the said corporation hereby stipulates and agrees that any lawful process against said corporation which is served on its said attorney shall be of the same legal force and validity as if served on said corporation."

For the privilege of doing business in Massachusetts the defendant corporation made and filed an agreement as above provided.   The question which is presented by this motion is whether the courts of the United States can enforce this agreement in view of the act of March 3, 1887,(24 St. 552,) which provides that "no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant." This act omitted the clause contained in the act of March 3, 1875, fol-

lowing the word "inhabitant," "or in which he shall be found at the time of serving such process or commencing such proceeding;" that is, under the act of 1887, excepting in cases where jurisdiction is founded solely on the fact of diverse citizenship, suit must be brought in the district of which the defendant is an inhabitant. It is conceded that under the old law the court would have jurisdiction in this case, but it is insisted that, while a corporation may be found in a foreign state, it cannot become an inhabitant of such state. The question of where a party may be sued is in the nature of a personal exemption, and may be waived. If the court has jurisdiction by reason of the requisite citizenship of the parties, a defendant may consent to be sued anywhere. In the language of Chief Justice WAITE, in *Ex parte Schollenberger*, 96 U. S. 369:

"The act of congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive. If the citizenship of the parties is sufficient, a defendant may consent to be sued anywhere he pleases, and certainly jurisdiction will not be ousted because he has consented."

It is strongly urged that while a defendant corporation may consent to be found in a foreign state, it cannot consent to be an inhabitant of that state for the purpose of allowing suit to be brought against it. I cannot admit the force of this argument. If the question of where a party may be sued is not a jurisdictional fact, like the requisite citizenship of the parties, I do not see why a corporation cannot as well consent to be considered an inhabitant of a foreign state for the purpose of serving process upon it as consent to be found within a foreign state for such purpose. If a corporation cannot migrate, as is well settled, it is in the nature of a legal fiction to say it can consent to be found and sued in a foreign state, and it is only a legal fiction of the same character to hold that it may consent to become an inhabitant of a foreign state. I think, however, the true ground upon which the court should take jurisdiction is this: that the corporation consents to be sued as a condition for doing business within such state, and that it should be held to its agreement. The important consideration, therefore, is the assent of the corporation, and not whether it is actually found or becomes an inhabitant of such state. As the place where a party may be sued may be waived, it is not necessary for us to decide in this case that the defendant corporation is an inhabitant of Massachusetts, but the question is, has it consented to be sued there, and so waived any personal exemption in its favor? I think the reasoning of the supreme court supports this view. In *Railway Co.* v. *Harris*, 12 Wall. 65, the court says:

"It [a corporation] cannot migrate, but may exercise its authority in a foreign territory upon such conditions as may be prescribed by the law of the place. One of these conditions may be that it shall consent to be sued there. If it do business there, it will be presumed to have assented, and will be bound accordingly. * * * We entertain no doubt that it made the company liable to suit where this suit was brought, in all respects as if it had been an independent corporation of the same locality."

This language is cited with approval by the court in *Railway Co.* v. *Whitton*, 13 Wall. 270. After referring to the above cases in *Ex parte Schollenberger*, Chief Justice WAITE, speaking for the court, says:

"Applying these principles to the present case, there cannot be any doubt, as it seems to us, of the jurisdiction of the circuit court over these defendant companies. They have in express terms, in consideration of a grant of the privilege of doing business within the state, agreed that they may be sued there; that is to say, that they may be found there for the purposes of the service of process issued 'by any court of the commonwealth having jurisdiction of the subject-matter.' This was a condition imposed by the state upon the privilege granted, and it was not unreasonable. *Lafayette Ins. Co.* v. *French*, 18 How. 404. It was insisted in argument that the statute confines the right of suit to the courts of the state; but we cannot so construe it. There is nothing to manifest such an intention."

In *Lafayette Ins. Co.* v. *French*, 18 How. 404, a corporation chartered by the state of Indiana was allowed by a law of Ohio to transact business there, upon condition that service of process upon the agent of the corporation should be considered as service upon the corporation, and it was held that when the company sent its agent into Ohio it must be presumed to have assented to the rule; and Mr. Justice CURTIS, speaking for the court, says: "We hold such a judgment, recovered after such such notice, to be as valid as if the corporation had had its *habitat* within the state." When the defendant corporation, desiring to transact business in Massachusetts, agreed, as a condition precedent, that it would submit to all lawful process in the manner required by the law applicable to foreign corporations enjoying such a privilege, and that such service should have the same effect as if the corporation existed therein, it bound itself to submit to be sued within the state the same as if it was a corporation organized under the laws of the state, and it should not be permitted to deny in this court that which it has solemnly assented to. It was decided in *Ex parte Schollenberger* that such a statute applied to the federal as well as the state courts. Without reviewing the conflicting decisions in several circuit courts as to whether a corporation under the act of March 3, 1887, can be sued in a foreign state, I shall hold that, upon the facts presented in this case, this court has jurisdiction. Motion to dismiss denied.