### SHAINWALD v. DAVIDS et al.

(District Court, N. D. California.    September 11, 1895.)

#### No. 262.

JUSISDICTION OF FEDERAL COURTS—FOREIGN INSURANCE COMPANIES.
    A foreign insurance company which, in compliance with the laws of a state, has appointed an agent therein upon whom service may be made (Pol. Code Cal. § 616), is to be considered an "inhabitant" of the state within the meaning of the judiciary act of 1887–88, and may be sued therein in the federal courts.

This was a bill in equity by Herman Shainwald, as assignee in bankruptcy of the firm of Schoenfeld, Cohen & Co., and of the individual members thereof, against D. S. Davids, I. J. Lewis, and various other defendants, including the Home Insurance Company, a corporation organized under the laws of the state of New York. See 69 Fed. 687, 701.    The Home Insurance Company moves to dismiss the bill, as against it, for want of jurisdiction.

James L. Crittenden (M. T. Moses and S. M. Van Wyck, Jr., of counsel), for complainant.
E. W. McGraw, for Home Ins. Co.

MORROW, District Judge.    This is a motion by counsel for the Home Insurance Company to dismiss the action as against said company.    The motion is made on the ground that it appears by the bill of complaint that the Home Insurance Company is a corporation organized and existing under the laws of the state of New York, and, for that reason, cannot be sued in the Northern district of California.    The allegations of the bill to which this objection is directed must be considered in connection with another allegation, as follows:

"That, at all the times in this bill mentioned, each and all of said agents, managers, and resident secretary was and were, and now are, by said respective corporations, duly authorized, empowered, and appointed by said respective corporations as and to be the general agent of said several corporations, and to manage, conduct, and carry on, in the name, and on behalf, and as the act of said respective corporations, all the business, affairs, and property of said corporations, and particularly the business of fire insurance, in the states of California and Washington, and in the other states and territories in the United States and west of the Rocky Mountains, and to have, and having, full charge and control of all thereof, and the custody and control of all the property and funds of said several corporations respectively, and particularly their funds for the payment of losses under their said several policies; and all said agents were to, and at all said times did, and now do, reside in the Northern district of California; and each and all of said corporations at all said times complied, and now do comply, with the laws of the state of California regulating and providing for the carrying on of business, and particularly of the fire insurance business, in said state, by foreign corporations; and at all said times each of said agents, managers, and resident

secretary above referred to was and were, and now is, the duly-appointed, designated, and acting agent of said respective corporations, as provided in said laws, and upon whom all process in the state of California for or against said several corporations should, could, and can and may be served; and at all said times, and ever since, and now, each and all of said corporations were and are engaged in and transacting and doing a general fire insurance business in said Northern district of California and elsewhere, and kept and keep and now have in said Northern district of California, and not elsewhere, and under the control of said respective agents, managers, and resident secretary, all their moneys and funds for the payment of losses under their policies of fire insurance in said states and territories, and particularly the money and funds for the payment of the losses hereinafter alleged and referred to; and all such moneys and funds at all said times were, and ever since have been, and now are, disbursed and paid out only by and under the direction of said respective agents, managers, and resident secretary; and no other agents of said corporations, or any of them, have any control or management of said moneys or funds, or any thereof, nor any authority to pay or settle for any losses or other demands whatever against any of said corporations, except by the special instruction of said respective agents, managers, and resident secretary."

The constitution of the state of California provides in article 12, § 15:

"No corporation organized outside the limits of this state shall be allowed to transact business within this state on more favorable conditions than are prescribed by law to similar corporations organized under the laws of this state."

Section 616 of the Political Code of this state provides:

"The insurance commissioner must require, as a condition precedent to the transaction of insurance business in this state by any foreign corporation or company, that such corporation or company must file in his office the name of an agent, and his place of residence in this state, on whom summons and other process may be served in all actions or other legal proceedings against such corporation or company. All process so served gives jurisdiction over the person of such corporation or company. The agents so appointed and designated shall be deemed in law a general agent, and must be the principal agent or chief manager of the business of such corporation or company in this state. * * *"

It is contended, in support of the motion to dismiss the bill as against the Home Insurance Company, that the company is not an inhabitant of the state of California, and that the law of the state is not applicable to proceedings in the United States courts. Both of these questions appear to have been definitely settled by the supreme court of the United States in Ex parte Schollenberger, 96 U. S. 369. It is true that section 1 of the act of March 3, 1875 (chapter 137), which was under consideration in that case, has since been amended by the act of March 3, 1887 (chapter 373), and again corrected by the act of August 13, 1888 (chapter 866). In the first-named act, it was provided that:

"No civil suit shall be brought before either of said courts against any person by an original process or proceeding in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceeding."

This act was amended by the act of March 3, 1887, and the act of August 13, 1888, by omitting the last provision; and it is contended that as the supreme court, in deciding the Case of Schollenberger, based the decision upon the last provision, and upheld the

service of process because the insurance company, in complying with a statute of Pennsylvania, had consented to be "found" in that state for the purpose of the service of process in the suit, the decision of the court is not applicable to the statute as amended, with this provision omitted. But I do not understand that the principle involved in the decision of the court is so limited. The real proposition was that the corporation, by complying with a state statute requiring the appointment of an agent within the state upon whom process might be served, thereby submitted itself to the jurisdiction of the courts held within that state. In this respect, the corporation became as much an "inhabitant" of the state as it did a person "found" within the state, because it had agreed to be sued there. By the appointment of an agent in this state under the provisions of section 616 of the Political Code, the Home Insurance Company has distinctly agreed with the people of this state that summons and other process may be served upon it in all actions or legal proceedings against the company, and that all process so served gives jurisdiction over the person of such company. For all purposes of legal proceedings, the company is, therefore, an "inhabitant" of this state. The motion to dismiss is denied.