## BEECH-NUT PACKING CO. v. P. LORILLARD CO.

(District Court, S. D. New York. June 9, 1921.)

Courts ⊝⇒276—Right to be sued in district of residence not waived by appointment of agent for service in district where suit was brought.

Though the provision of Judicial Code, § 51 (Comp. St. § 1033), that no civil suit shall be brought in any other district than where defendant is an inhabitant, can be waived, a corporation does not waive its right to be sued in the district containing the state of its organization by designating an agent on whom process may be served in the district in which the suit was subsequently brought, as required by the statute of that state to entitle the corporation to do business therein.

In Equity. Suit by the Beech-Nut Packing Company against the P. Lorillard Company for infringement of a registered trade-mark and unfair competition. On motion to set aside the service on the ground that the court had no jurisdiction. Motion granted.

Philip B. Adams, of New York City, for complainant.

Meyers, Cavanagh, Whitehead & Hyde, of New York City, for defendant.

AUGUSTUS N. HAND, District Judge. The bill of complaint alleges (a) infringement of a registered trade-mark, (b) unfair competition.

The complainant is a corporation of the state of New York, and its principal office and place of business is at Canajoharie, in the Northern district. The defendant is a New Jersey corporation, which has obtained a certificate to do business in the state of New York, and has designated a person on whom process may be served for the corporation within said state. The place within the state which was designated as the principal place of business was No. 119 West Fortieth street, and the person designated to receive process was G. T. Minnigerode, who filed his consent to the designation pursuant to the New York statute. Section 51 of the Judicial Code (Comp. St. § 1033) provides:

" * * * No civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

It is true that where a federal question exists, or diverse citizenship exists, the venue of the action may be waived; but I find no case in the federal court which holds that such a waiver is effectuated by a consent executed under a state statute that process may be served upon a designated person. It was made clear in Chipman, Ltd., v. Jeffrey, 251 U. S. 373, 40 Sup. Ct. 172, 64 L. Ed. 314, that if a defendant was doing business in the state this court could obtain jurisdiction over its person by serving a designated agent, but that was quite different from holding that doing business, or appointing an agent, was a waiver of

the right to insist upon being sued in the proper district. The only question which really arose in the case of Chipman, Ltd., v. Jeffrey, supra, was whether the presence of a designated agent would justify service of process upon a defendant corporation which had ceased to do business here. It was not a case like the present where neither the complainant nor the defendant was a resident of the district.

In Chipman, Ltd., v. Jeffrey, the plaintiff was a New York corporation having its principal place of business within this district. The case of Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402, is directly in point. There the court said:

"But a corporation, by doing business or appointing a general agent in a district other than that in which it is created, does not waive its right, if seasonably availed of, to insist that the suit should have been brought in the latter district."

It was argued there by the counsel for the petitioner that the defendant by doing business in New York, where the laws required a non-resident corporation to designate a person upon whom service might be made, and provided that, in case such designation was not made, then service might be made upon its managing agent, waived its privilege of being sued only in the place whereof it was an inhabitant. The Supreme Court expressly refused to adopt such a view. See Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; Galveston v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248. Such cases as Bagdon v. Philadelphia & Reading Coal & Iron Co., 217 N. Y. 432, 111 N. E. 1075, L. R. A. 1916F, 407, Ann. Cas. 1918A, 389, and Smolik v. Philadelphia, etc., Co. (D. C.) 222 Fed. 148, related to the question of jurisdiction over the person of a foreign corporation, and not to the place where suit might be brought under the provisions of the federal Judicial Code.

The motion to set aside the service and dismiss the complaint for want of jurisdiction is granted for the reason that complainant has brought its suit in a district whereof neither the complainant nor the defendant is an inhabitant.