PATTEN v. DODGE MFG. CORPORATION.

District Court, D. Indiana, South Bend Division. January 20, 1928.

No. 20.

1. Courts ⊙⇒314—Corporation organized in Delaware, but having extensive assets in Indiana, and consenting to service of process in Indiana, may be sued in federal court for Indiana by Illinois citizen (Jud. Code, § 51 [28 USCA § 112]; Burns' Ann. St. Ind. 1926, §§ 4913, 4918, 4923).

Where corporation organized in Delaware was licensed to do business in Indiana, and in application represented that assets employed in business in Indiana amounted to $5,919,376, it is fair, just, and right that it should be regarded as resident of Indiana for purposes of jurisdiction; and since, under Burns' Ann. St. Ind. 1926, §§ 4913, 4923, it agreed to accept service of process within state, and section 4918 provides penalties for failure to comply, federal District Court for District of Indiana has jurisdiction of suit against it by citizen of Illinois, notwithstanding Judicial Code, § 51 (28 USCA § 112).

2. Venue ⊙⇒17—Party may consent to be sued in any district where jurisdictional requisites exist.

It is well settled that party may waive venue, and consent to be sued at any place and in any district, provided jurisdictional requisites exist.

In Equity. Suit by William R. Patten against the Dodge Manufacturing Corporation. On motion to dismiss in the nature of a plea. Motion to dismiss and plea overruled.

William J. Peck, of Peoria, Ill., for plaintiff.

Parker, Crabill, Crumpacker & May, of South Bend, Ind., for defendant.

SLICK, District Judge. Plaintiff is a citizen of Illinois. Defendant is a corporation organized under the laws of the state of Delaware. When defendant was incorporated it took over the assets of a number of corporations, among them being one having a very similar name, to wit, the Dodge Manufacturing Company. The name of defendant is Dodge Manufacturing Corporation.

The Dodge Manufacturing Company owned and operated for many years a large manufacturing establishment in the city of Mishawaka, St. Joseph county, Indiana. It became heavily involved and owed something like $2,000,000, and in 1922 a reorganization was made, and it was decided to incorporate a new corporation to take over all the assets of the Dodge Manufacturing Company and its subsidiaries, to be named the Dodge Manufacturing Corporation.

It was further decided to incorporate this new corporation under the laws of the state of Delaware, instead of Indiana, for the reason that counsel for the company believed the laws of Delaware more favorable than the laws of Indiana. When the defendant was organized, it had 100,000 shares of common stock, no par, and 25,000 shares of preferred stock, of the par value of $100 each.

Immediately after its incorporation, it proposed to the Dodge Manufacturing Company to take over all the assets and assume the liabilities of that company, and to issue to the stockholders of that company 10 shares of common stock of the Dodge Manufacturing Corporation for each share of common stock of the Dodge Manufacturing Company, and to issue one share of preferred stock of the new company for each share of preferred stock of the old. This proposal was accepted, and the stock was exchanged on that basis. The total assets of the Dodge Manufacturing Company, eliminating holdings in capital stock of certain subsidiary companies, were between $6,000,000 and $7,000,000.

The old corporation, the Dodge Manufacturing Company, practically went out of existence, although it was not dissolved,

and the new organization, the Dodge Manufacturing Corporation, continued its business. The main office, the manufacturing plant, and the executive offices are all located in Mishawaka, Indiana. The company maintains an office in Wilmington, Delaware, with the Corporation Trust Company, which company has for its main business the incorporating of corporations in the state of Delaware, and when it incorporates a company from a foreign state it permits, for a small consideration, such corporation to maintain its corporation office with it. The defendant pays the Corporation Trust Company $100 a year for this service.

Immediately after its incorporation, defendant filed application to be permitted to do business in Indiana under the Foreign Corporations Act of Indiana (Burns' Ann. St. Ind. 1926, §§ 4909–4930), and in its application represented its property and assets employed in its business in the state of Indiana as amounting to $5,919,376, the same being the property and assets of the Dodge Manufacturing Company, an Indiana corporation, and, in consequence of said application, defendant was licensed to do business in Indiana, and has continuously operated in Indiana under such license.

[1] Defendant filed what it calls "a motion to dismiss in the nature of a plea," in which it challenges the jurisdiction of the court, for the reason that the bill discloses that the jurisdiction is dependent upon diversity of citizenship, and said plea alleges that defendant is not a citizen of Indiana, as set up in the bill, but is a corporation and citizen of the state of Delaware.

Defendant relies upon section 51 of the Judicial Code (28 USCA § 112), which, among other things, provides that, "where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." Defendant insists that, according to this provision, the defendant, a citizen of the state of Delaware, is not suable in the federal court for the district of Indiana by the plaintiff, a citizen of Illinois.

There are two reasons which appear strongly to justify this court in holding that this suit is maintainable in the federal court for the district of Indiana.

First. It is eminently fair, just, and right that the defendant, although incorporated in the state of Delaware, should be regarded as an inhabitant or resident of this district (where its factory is located and where it transacts all its business) for purposes of jurisdiction. It is permanently located here, is identified with the business and the people of this state, and would seem to have a fixed residence or habitat in the state of Indiana. It does here exactly what it would do if it had been incorporated under and received its charter from the state of Indiana.

In this connection the language of Justice Harlan in U. S. v. Southern Pac. R. Co. (C. C.) 49 F. 297, 304, seems peculiarly appropriate. In that case the court used the following language: "It seems to the court that a corporation of a state, * * * holding such close relations with the business and people of another state, may, within a reasonable interpretation of the act of 1887, be deemed an 'inhabitant' of the latter state for all purposes of jurisdiction in personam by the courts held there, although a corporation is, and, while its corporate existence lasts, must remain, a 'citizen' only of the state which gave it life."

In this case Justice Harlan goes into this subject exhaustively and points out the decisions on this subject, holding that, "while a corporation is domiciled in the state by whose laws it was created, its legal existence in that state may be recognized elsewhere," and that, "for the purposes of jurisdiction in the courts of the United States, a corporation is to be deemed a citizen of the state creating it, and no averment to the contrary is permitted," and that "a corporation of one state, by engaging in business or acquiring property in another state, does not thereby cease to be a citizen of the state creating it."

Justice Harlan further points out that it has been held that a corporation must dwell in the state of its creation and cannot migrate to another state, that a corporation is an inhabitant of the state where it is incorporated, and finally says:

"Those cases undoubtedly hold that a corporation cannot throw off its allegiance or responsibility to the state which gave it existence, and that its primary, legal domicile or habitation—that is, its citizenship—is in such state; consequently, for the purposes of suing and being sued in the courts of the United States, it is to be deemed a citizen of the state by whose laws it was made an artificial person. But neither those cases, nor any case in the Supreme Court of the United States, directly decides that a corporation may not, in addition to its primary, legal habitation or home in the state of its creation, acquire a habitation in, or become an inhabitant of, another state, for purposes of business, and of jurisdiction in personam."

Second. It applied for permission to qualify as a foreign corporation under the laws of Indiana, was licensed to do business in the state of Indiana, and has accepted the terms of and acted under said license continuously since July 1, 1922, to the present time.

The Foreign Corporations Act of Indiana provides: "It shall not be lawful for any foreign corporation to transact business in this state until it has filed with the auditor of state a certified copy of a vote or resolution of its board of directors *consenting that service of process in any action against it may be served upon the auditor of state in Indiana, and agreeing that any process so served shall be of the same legal force and validity as if served upon such corporation,* and agreeing that such service may be made with such effect while any liability remains outstanding in this state against such corporation." Burns' Annotated Indiana Statutes 1926, § 4923.

It is further provided under the Foreign Corporations Act of Indiana that, "each foreign corporation admitted to do business in this state under the provisions of this act shall constantly keep on file in the office of the secretary of state an affidavit of the president and secretary, showing the location of its principal business office in the state of Indiana, and the name of some person who may be found at said office *for the purpose of accepting service upon said corporation in all suits that may be commenced against it,* and as often as said corporation shall change its location, or its agent or attorney in fact for receiving and accepting service, a new affidavit shall be filed to take the place of all such affidavits previously filed by the officers of said corporation." Burns' Annotated Indiana Statutes, section 4913.

Section 4918 of the same statute provides for penalties and prosecutions where a foreign corporation neglects or fails to comply with any of the provisions of the act.

Riddle et al. v. New York, L. E. & W. R. Co. (C. C.) 39 F. 290, seems to be a case in every particular analogous to the instant case. In that case two of the plaintiffs were citizens of the state of Pennsylvania, and one of them a citizen of the state of Illinois, and the defendant a corporation constituted under the laws of the state of New York. The ground of the motion challenging service was that the defendant was not an inhabitant of the Western district of Pennsylvania and the federal court in that district, therefore, was without jurisdiction. The defendant in that case, like the defendant in the case at bar, relied upon the act of Congress, which provides that, where jurisdiction is founded only on diverse citizenship, suit shall be brought only in the *district* of the residence of either plaintiff or defendant. The defendant owned a railroad constructed within the district, and had for years operated said railroad and had offices established therein regularly and permanently in charge of the business of the railroad. The court in deciding the question of the sufficiency of service, said:

"Without undertaking to cite the numerous cases (federal and state) bearing upon the subject, we think we are safe in saying that it is now firmly settled that, when a corporation created by the laws of one state voluntarily comes, by its officers or agents, within the jurisdiction of another state, and there engages in business, it becomes amenable to the process of the courts of the latter state, if the laws thereof make provision to that effect. In one of the cases (Insurance Co. v. Duerson, 28 Grat. [Va.] 630) it was declared by the Court of Appeals of Virginia that the corporation, for the purpose of being sued, is to be considered as having a domicile in the state where it has thus voluntarily located; and in the case of Insurance Co. v. Woodworth, 111 U. S. 138, 145, 147, 4 S. Ct. Rep. 364 [28 L. Ed. 379], the Supreme Court of the United States did distinctly hold that a company incorporated in one state, by doing business and having an agent upon whom service may be made in another state, may there acquire another domicile, so as to give locality there to a debt on a policy of insurance as the foundation of administration in the latter state. That the defendant corporation is suable in the courts of Pennsylvania, and that such service as we have in this case would be a good service in the courts of the state, is undeniable. * * * What good reason, then, is there for exempting the company from suit in a federal court sitting in Pennsylvania? Can it be supposed that such was the intention of Congress? Under previous laws a person was suable in any district in which he might be found. Although he might have been a mere sojourner in, or was simply passing through, the district, he was liable to be served therein with process from a federal court. This was the mischief which Congress intended to remedy by omitting from the act of 1887 the words 'or in which he shall be found.' But, clearly, under the provisions of the act of 1887, if a citizen of a state, without changing, or intending to change, his citizenship,

becomes an inhabitant of another state, or, in other words, has his domicile or fixed residence therein, he is suable in the latter state by original process from a federal court. * * * Now, in our judgment it was not the intention of the act to make any distinction in respect to liability to suit between natural persons and corporations. As a corporation is a 'person,' within the meaning of the act, so, also, may it be an 'inhabitant.' "

The case of Consolidated Store-Service Co. v. Lamson Consolidated Store-Service Co. (C. C.) 41 F. 833, is a case very similar to the instant case. There the plaintiff was a corporation of the state of Maine and the defendant a corporation of the state of New Jersey, with its office and principal place of business in Boston, Mass., and it had appointed in writing the commissioner of corporations of Massachusetts its attorney upon whom process might be served. This was necessary under the Massachusetts law, just as it was necessary under the Indiana law for the defendant to do in the case at bar. In that case the court said:

"For the privilege of doing business in Massachusetts the defendant corporation made and filed an agreement as above provided. The question which is presented by this motion is whether the courts of the United States can enforce this agreement, in view of the Act of March 3, 1887 (24 Stat. 552), which provides that 'no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant.' * * * It is conceded that under the old law the court would have jurisdiction in this case, but it is insisted that, while a corporation may be found in a foreign state, it cannot become an inhabitant of such state. The question of where a party may be sued is in the nature of a personal exemption, and may be waived. If the court has jurisdiction by reason of the requisite citizenship of the parties, a defendant may consent to be sued anywhere. * * *

"It is strongly urged that, while a defendant corporation may consent to be found in a foreign state, it cannot consent to be an inhabitant of that state for the purpose of allowing suit to be brought against it. I cannot admit the force of this argument. If the question of where a party may be sued is not a jurisdictional fact, like the requisite citizenship of the parties, I do not see why a corporation cannot as well consent to be considered an inhabitant of a foreign state for the purpose of serving process upon it as consent to be found within a foreign state for such purpose. If a corporation cannot migrate, as is well settled, it is in the nature of a legal fiction to say it can consent to be found and sued in a foreign state, and it is only a legal fiction of the same character to hold that it may consent to become an inhabitant of a foreign state. I think, however, the true ground upon which the court should take jurisdiction is this: that the corporation consents to be sued as a condition for doing business within such state, and that it should be held to its agreement. The important consideration, therefore, is the assent of the corporation, and not whether it is actually found or becomes an inhabitant of such state."

[2] It is well settled that a party may waive venue and consent to be sued at any place and in any district, provided, of course, the jurisdictional requisites exist. There is no doubt that diversity of citizenship exists here. Therefore right of action in the federal court exists, and the federal court has jurisdiction. Defendant, when it came into the state of Indiana as a foreign corporation, agreed solemnly that service upon the auditor of the state of Indiana should have the same legal force and validity as if served upon the corporation itself, and it agreed to keep on file with the secretary of state the affidavit of its president and secretary, showing the location of its principal business office and the name of some person there located, for the purpose of accepting service *in all suits* that might be commenced against it. Since it came into Indiana, and accepted the provisions of the Foreign Corporations Act of Indiana, and made these agreements, it should be compelled to keep them.

Defendant in its reply brief, at page 2, says: "The question before the court for decision is whether or not the court has *venue* over defendant's objection in this suit." We answer this question in the affirmative, in view of the fact that defendant, in order to get into Indiana, agreed to maintain an office and a person upon whom service could be served in all suits that might be commenced against it, and in view of the further fact that defendant has filed with the auditor of state a certified copy of a vote or resolution of its board of directors "consenting that service of process in any action against it may be served upon the auditor of state."

To hold that defendant is not suable in Indiana under the circumstances in this case

would open the door to fraud on the part of designing and unscrupulous parties who desire to avoid, for purposes best known to themselves, liability to suit in the national courts. Persons so minded could establish a factory in Florida and incorporate in the state of Washington, and do business by contract in the New England and Eastern states, and yet, when a citizen of· any state outside of Florida or Washington, attempted to bring suit, he could be challenged, as plaintiff is challenged in this suit, and compelled to go from Maine, if that happened to be the state of his residence, to Washington, a distance of approximately 3,000 miles.

That Congress intended this is inconceivable, and, if that is the correct legal construction, it should be brought to the attention of Congress. I am not convinced, however, that this is the correct construction, and am constrained to believe that where, as in the instant case, the defendant corporation is located in a state transacting business on a large scale, and especially where it has consented and agreed to service under proper provisions of the Foreign Corporations Act, as it has done in this case, that it is suable in the federal court of such state.

It is interesting to note that on December 19, 1892, there was introduced in the House of Representatives a bill to take from the federal courts jurisdiction (where jurisdiction existed on the ground of diverse citizenship only) of suits involving corporations transacting business in a state, but not incorporated therein. See 23 Congressional Record, p. 1877. This bill passed the House of Representatives. 24 Congressional Record, p. 218. It was never passed by the Senate. Thus since long prior to 1892, down to the present time, it has been well recognized, in Congress at least, that this jurisdiction exists. This interesting subject is treated on page 136 of a book published in 1927, entitled "The Business of the Supreme Court," by Hon. Felix Frankfurter and Hon. James M. Landis.

Defendant cites and relies upon the decision in Luckett v. Delpark, 270 U. S. 496, 46 S. Ct. 397, 70 L. Ed. 703. But the question of defendant's doing business and maintaining an office in the state of New Jersey did not arise in that case. Neither does it appear that defendant had agreed to accept service and appointed an agent for that purpose, as in the case under consideration. This is true of all the cases cited by defendant.

The motion to dismiss and the plea is overruled.