## DE DOOD v. PULLMAN CO.
### No. 4739.

District Court, E. D. New York.
Oct. 27, 1931.

Furst, Schwartz & Schwager, of Brooklyn, N. Y., for plaintiff.

Alexander & Green, of New York City, for defendant.

BYERS, District Judge.

Defendant, appearing specially for this motion, moves, under notice dated October 16, 1931, to dismiss the action because the court is without jurisdiction.

The complaint, verified September 28, 1931, recites that the plaintiff resides in Johnstown, Pa., and that the defendant is a corporation organized and existing under the laws of Illinois and is engaged in business in this district. That the plaintiff on February 8, 1931, while a passenger in one of defendant's cars, en route from Johnstown to Providence, R. I., was injured through the negligence, as alleged, of defendant's porter, to his damage in the sum of $50,000. The geographical location of the place where the injury is said to have occurred is not stated.

Such service of process as was made occurred on October 3, 1931.

The parties were in correspondence prior to the bringing of suit, and, being unable to agree upon a sum to be paid in settlement, the plaintiff's attorneys wrote to the defendant, in part: "* * * if a satisfactory adjustment cannot be made, I should like to bring the suit in the Federal Court in New

York. Will you inquire if your company is agreeable to the suit being there instituted?" The answer in material part is: "* * * we have no objection to suit being filed in New York * * *."

The plaintiff's attorneys replied, stating that they were drawing a complaint in an action to be instituted in this court, and "* * * We understand that you have no objection to the action being brought in this court * * *."

The defendant answered, giving the name and address of its New York attorneys, and later wrote: "* * * So that there may be no misunderstanding, I would prefer that the service of the summons and complaint be made in the regular manner upon our representative, Mr. R. V. Watson, District Superintendent, Pennsylvania Terminal Station, New York."

■ The foregoing are relied upon by the plaintiff to establish consent to the submission of the defendant to this court's jurisdiction, for the purpose of this action. While it cannot now be said that the defendant's legal representative in Chicago treated the suggestion of the plaintiff's attorneys, concerning the forum in which suit was contemplated, with that candor which might well characterize professional communications conducted in good faith, at the same time it would be difficult to spell out an express consent to submit the controversy to the jurisdiction of this court; nor can it be thought that the defendant could be estopped to urge lack of jurisdiction, as the result of any act or omission on the part of its Chicago attorneys, whether inadvertent or deliberate, prior to the service of papers.

It must be apparent that the jurisdiction of this court rests in legislation and not in letter writing.

While diversity of citizenship appears in this case from the complaint, also it appears that the action was not instituted in the district of residence of either the plaintiff or the defendant in accordance with the requirements of section 51 of the Judicial Code (title 28, U. S. C. § 112 [28 USCA § 112]).

■ That objection to the venue is a defendant's privilege and may be waived, appears from the case of Commercial Casualty Insurance Co. v. Stone Co., 278 U. S. 177, 49 S. Ct. 98, 73 L. Ed. 252; but the conduct constituting waiver in that case was the suffering of a judgment by default. Here the defendant has made its motion as promptly as possible, and the appearance is special and for the purpose of this motion only.

■ That a corporation is an inhabitant or resident of the state of incorporation and not of another state in which it maintains a principal office, was decided in Ex parte Shaw, 145 U. S. 444, 12 S. Ct. 935, 36 L. Ed. 768. See also Beech-Nut Packing Co. v. P. Lorillard Co. (D. C.) 287 F. 271, and Haviland v. Atlantic Coast Line R. Co. (D. C.) 299 F. 955.

■ Finally, the service of process was made in the Southern District, and this is fatal. See Sewchulis v. Lehigh Valley Coal Co. (C. C. A.) 233 F. 422.

Motion to dismiss granted. Settle order on notice.