As to the alternative motion for a new trial, while I think the evidence against the defendant's testator's negligence was more persuasive than the evidence tending to show such negligence, it is not for me to attempt to substitute my judgment for that of the jury. I cannot say the verdict was so clearly against the evidence that I ought to grant a new trial, or that any other sufficient reason for so doing appears.

In both of its aspects the defendant's motion is denied.

Note: To the foregoing denial of the defendant's motion in its first aspect seeking the entry of judgment for the defendant in accordance with her motion for a directed verdict, her counsel excepted in open court.

## HAMILTON WATCH CO. v. GEORGE W. BORG CO.
### No. 156.

District Court, N. D. Illinois, E. D.
March 16, 1939.

Frank R. Reid, of Reid, O'Connor, Webb & O'Malley, all of Aurora, Ill., for plaintiff.

G. A. Shallberg, of Moline, Ill., and Edmund D. Adcock, of Chicago, Ill., for defendant.

WILKERSON, District Judge.

Since the filing of my memorandum of February 21, 1939, plaintiff has presented an amended bill of complaint. The amendment alleges that the Illinois statute requires that before a foreign corporation may be licensed to do business in Illinois, it must consent to be sued in that state; and that the defendant corporation has complied with that statute.

It seems to me that there is considerable force to defendant's contention that the court in the case of Dodge Manufacturing Co. v. Patten, 7 Cir., 60 F.2d 676, did not have called to its attention certain decisions of the Supreme Court. Those decisions are to the effect that compliance with such state statutes does not amount to a consent to be sued in the Federal Court in a district other than that of the state in which the corporation was organized or in a district other than that of the plaintiff, if service can be had upon the defendant in that district. See Southern Pacific Co. v. Denton, 146 U.S. 202, 208, 209, 13 S.Ct. 44, 36 L.Ed. 942; In re Keasbey & Mattison, 160 U.S. 221, 229, 16 S.Ct. 273, 40 L.Ed. 402. In the case at bar the defendant was not organized under the laws of the State of Illinois and the plaintiff is not a resident of this district.

It occurs to me that there is sufficient merit in the defendant's contention to require an order dismissing the suit for want of jurisdiction if for no other reason than that before embarking on an expensive trial, it may be well to have a decision by the court of review. This is in accordance with the practice adopted in the case of Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U.S. 24, 28, 43 S.Ct. 254, 67 L.Ed. 516, 518, which arose in this district.

I am signing the order permitting the filing of the amended bill. An order may be presented on notice dismissing the suit for want of jurisdiction.