## NEIRBO CO. et al. v. BETHLEHEM SHIPBUILDING CORPORATION, Limited, et al.

### No. 309.

Circuit Court of Appeals, Second Circuit.
April 10, 1939.

Robert P. Weil, of New York City (Laurence A. Tanzer, of New York City, of counsel), for appellants.

William Dwight Whitney, of New York City (Cravath, deGersdorff, Swaine & Wood, and Robert D. Blasier, all of New York City, of counsel), for appellee.

Before L. HAND and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This appeal assigns error in the action of the District Court in granting the motion of Bethlehem Shipbuilding Corpora-

tion, Ltd., to quash service of process upon it and in dismissing the action as to it on the ground that it was not a resident of the Southern District of New York within the requirements of the federal venue statute, Jud.Code § 51, 28 U.S.C.A. § 112. Appellants, plaintiffs below, ground their appeal on two claims: first, that appellee, the Bethlehem corporation, is a resident of the District, notwithstanding its incorporation in the State of Delaware, because of the location of its chief business and executive offices within the District and its designation of an agent to accept process there, in compliance with the conditions under which a foreign corporation is legally permitted to do business within the State of New York, and second, that such designation of an agent to accept process in connection with appellee's qualification to do business in New York is a waiver of the venue defense. In the light of the statutory language and of the well settled rule that lack of venue is a personal privilege which a defendant can. waive, a reversal of the order of dismissal would become necessary if either the claim of residence in the district or that of waiver could be sustained. But whatever objections of policy may be urged against it, we feel the law to the contrary is too well established to be now overturned.

The action was originally brought by the appellants, who are citizens and residents of New Jersey, against United Shipyards, Inc., a New York corporation of which they are stockholders, to restrain the carrying out by the latter of a contract for the sale of drydocks in the waters of New York Harbor and other property to Bethlehem Shipbuilding Corporation, Ltd. The court refused to stay the sale, but added certain other persons as parties on the plaintiffs' motion. Then the plaintiffs filed an amended and supplemental bill alleging the consummation of the sale and praying relief in respect thereof. In this bill they asked that the Bethlehem corporation be added, and they described it as "a corporation organized and existing under the laws of the State of Delaware, and * * * a citizen and resident of the State of Delaware." The court ordered that Bethlehem be added as a defendant. Upon being served with process, Bethlehem appeared specially and moved to quash the service and the Marshal's return thereof. The appeal is taken from the order granting Bethlehem's motion and dismissing the action as to it.

The material provisions of Jud.Code § 51, 28 U.S.C.A. § 112, applicable to this action are as follows: " * * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Since jurisdiction of the present action is founded on the diversity of citizenship of the parties, the latter part of this statute applies. It is settled, however, that except for the limitation of suit to a single district—that whereof the defendant is an inhabitant—in suits other than those based on diversity of citizenship, the requirements of the two parts of the statute are identical, and precedents as to one part are equally authoritative as to the other. In re Keasbey & Mattison Co., 160 U.S. 221, 16 S.Ct. 273, 40 L.Ed. 402. The defense of lack of venue was open to this defendant, notwithstanding the presence in the action of other defendants properly sued in the district. Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997; McLean v. State of Mississippi, 5 Cir., 96 F. 2d 741, 119 A.L.R. 670, certiorari denied 59 S.Ct. 84, 83 L.Ed. ——.

We shall consider successively the two claims of error urged by appellants.

First. Suits by and between corporations as citizens of different states have always presented troublesome problems of jurisdiction to the federal courts. For half a century after the passage of the first judiciary act, a corporation was allowed to sue or be sued in the circuit courts only when all its members were citizens of the state which created it. Bank of United States v. Deveaux, 5 Cranch 61, 3 L.Ed. 38. But in 1844, it was held in Louisville, C. & C. R. Co. v. Letson, 2 How. 497, 11 L.Ed. 353, that for the purposes of determining federal jurisdiction a corporation was to be deemed a person or an inhabitant, and thus a citizen, of the state in which it was incorporated. Although this conclusion has been assailed as unreal, it has been consistently followed ever since, and attempts at legislative

change, even when made under distinguished sponsorship, have proven unsuccessful.[1] Hence on all questions of jurisdiction involving diversity of citizenship, this appellee is conclusively determined to be a citizen of the State of Delaware by reason of its incorporation there.

It was perhaps not logically necessary that a like conclusion should be reached as to the residence of a corporation under the requirements as to venue; but such a conclusion was a natural one, in the light of the language of the Letson case and the policy involved. And it was the meaning ascribed to the residence requirement in Ex parte Schollenberger, 96 U.S. 369, 377, 24 L.Ed. 853, decided in 1877. Yet the question was not then important, for the venue statute, from the time of the original judiciary act, had provided that a defendant might be sued in a district in which he should be "found" at the time of serving the writ. Act of Sept. 24, 1789, c. 20, § 11, 1 Stat. 79; Act of Mar. 3, 1875, c. 137, 18 Stat. 470. Hence the court held that a corporation doing business within the state was to be found within it for the purposes of venue. Ex parte Schollenberger, supra. This part of the statute was, however, eliminated in 1887. Act of Mar. 3, 1887, c. 373, § 1, 24 Stat. 552, as corrected by the Act of Aug. 13, 1888, c. 866, § 1, 25 Stat. 433. From that time the statute has required residence in (or being an inhabitant of) the district to support the action. Jud.Code § 51, 28 U.S.C.A. § 112, supra. After the change in the statute it has been held uniformly by the Supreme Court and generally by the lower federal courts that residence is limited to the state of incorporation of the corporation and is not satisfied by the doing of business within the state. Shaw v. Quincy Mining Co., 145 U.S. 444, 12 S.Ct. 935, 36 L.Ed. 768; Southern Pacific Co. v. Denton, 146 U.S. 202, 13 S.Ct. 44, 36 L.Ed. 942; In re Keasbey & Mattison Co., 160 U.S. 221, 16 S.Ct. 273, 40 L.Ed. 402; Macon Grocery Co. v. Atlantic Coast Line R. Co., 215 U.S. 501, 30 S.Ct. 184, 54 L.Ed. 300; Seaboard Rice Milling Co. v. Chicago, R. I. & P. Ry. Co., 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633; Yanuszauckas v. Mallory S. S. Co., 2 Cir., 232 F. 132; McLean v. State of Mississippi, 5 Cir., 96 F. 2d 741, 119 A.L.R. 670, certiorari denied, 59 S.Ct. 84, 83 L.Ed. ——; Central West Public Service Co. v. Craig, 8 Cir., 70 F. 2d 427; De Dood v. Pullman Co., 2 Cir., 57 F.2d 171, affirming D.C.E.D.N.Y., 53 F.2d 95.

Among the several decisions of district courts to the same effect may be cited that of A. N. Hand, D.J., in Beech-Nut Packing Co. v. P. Lorillard Co., D.C.S.D.N.Y., 287 F. 271, in 1921, relied on by the court below in the present case. The only exception in recent years to this uniform current of decision seems to be Dodge Mfg. Co. v. Patten, 7 Cir., 60 F.2d 676, affirming D.C.Ind., 23 F.2d 852, which was based upon the decision of Mr. Justice Harlan on circuit in U. S. v. Southern Pacific R. Co., C.C.N.D.Cal., 49 F. 297. The court, however, failed to note the later contrary decisions of the Supreme Court, in several of which Mr. Justice Harlan dissented. Cf. Shaw v. Quincy Mining Co. and Macon Grocery Co. v. Atlantic Coast Line R. Co., supra.[2]

Appellants, however, criticize the policy followed in these cases as applied to the modern private corporation doing business in many different places and suggest ingenious distinctions to lessen their force as precedents. But so far as the policy is concerned, Congress has shown itself as yet distinctly uninterested in a change in

---

[1] Among proposals to limit the jurisdiction of the federal courts before the Congress in 1932 was one drafted by the then Attorney General Mitchell and sponsored by President Hoover which would not have eliminated any of the language of Jud.Code § 24 (1), 28 U.S. C.A. § 41 (1), defining the original jurisdiction of the federal courts over suits between citizens of different states, but would have added to it a provision that a foreign corporation carrying on business in a state other than the one wherein it was organized should be treated as a citizen of the former state for suits by residents thereof arising out of the business carried on in such state. S.B. 937, 72d Cong., 1st Sess. (1932). It failed of passage. See Comment by members of the faculty of the University of Chicago Law School, Limiting Jurisdiction of Federal Courts, 31 Mich.L.Rev. 59 (1932), and Clark, Diversity of Citizenship Jurisdiction of the Federal Courts, 19 A.B.A.J. 499 (1933), for discussion of the proposal and for other relevant citations.

[2] The Patten case has recently been questioned in its own circuit for this reason. Hamilton Watch Co. v. George W. Borg Co., N.D.Ill.E.D., Mar. 6, 1939, 27 F.Supp. 215, Wilkerson, D.J.

the direction urged by appellants. Indeed, so long as the citizenship of a corporation for jurisdictional purposes is determined by the state of its incorporation, there would seem no good reason for a different view of the venue requirements. The limitation on suits against a corporation implicit in the rule as to jurisdiction would be of comparatively little effect if all plaintiffs who lived outside the state of incorporation could sue the corporation at will wherever it carried on business.

■ The suggested grounds for distinguishing the cases find no support in the precedents themselves or in the reasons behind them. Thus it is asserted that in no one of the decisions of the Supreme Court was there involved a corporation which not only does business and has its headquarters within the state, but also maintains there a designated office and agent to accept process. The cases discussed below in connection with appellants' second claim show that this combination of circumstances is not enough to show even waiver of the venue defense, and therefore certainly not residence in the district. Moreover, the reasons for, and historical development of, the rule show that the claimed distinction would be simply a direct repudiation of the rule itself. See especially Shaw v. Quincy Mining Co. and In re Keasbey & Mattison Co., supra. The latter case demonstrates, too, that no sound distinction is possible based on the fact that some of the cases, such as those for patent or copyright infringement, can be brought only in the federal courts, while actions such as the present one can be brought in either the state or the federal courts. Indeed, the stricter rule might be justified, if at all, in cases such as the present where a more extensive choice of forum is possible. But no such distinction appears in the statute or is suggested by the cases.

Some support is claimed from decisions of the New York courts that a foreign corporation having qualified to do business within the state is present within the state, so as not to prevent the running of the statute of limitations in its favor. Cf. Comey v. United Surety Co., 217 N.Y. 268, 273, 274, 111 N.E. 832, Ann.Cas.1917E, 424. Such a result is reasonable, since the corporation is continuously subject to suit in the state court. It is not useful in determining the entirely different problems of federal jurisdiction. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, does not make such cases binding authorities on the present issue; whatever else that case may do, it certainly does not throw the determination of federal jurisdiction into the state courts.

■ Second. Appellants' other claim is based upon the facts, admitted on the record, that appellee qualified to do business within the State of New York in 1918 and, as required by the law then in force, designated an agent to accept process.[3] Such agent, who is located in the Southern District of New York, is still acting under such designation. But the question whether such designation constitutes a waiver of the venue defense seems also well settled, contrary to the appellants' contention. In the case of Southern Pacific Co. v. Denton, 146 U.S. 202, 13 S.Ct. 44, 36 L.Ed. 942, decided in 1892, there is a clear statement of the court that the supposed agreement of the corporation went no further than a stipulation that process might be served upon its officers or agents, and that, while this might subject the corporation after proper service to the jurisdiction of a federal court, so long as the federal statutes allowed it to be sued in the district in which it was found, such an agreement could not, since Congress had made citizenship of the state, with residence in the district, the sole test of jurisdiction in this class of cases, "estop the corporation to set up non-compliance with that test" when sued in a federal court.

The appellants attempt to distinguish this case on several grounds going to show that this statement was dictum only, unnecessary to the decision. It was, however, a direct statement on the point in question and has been accepted as authoritative. It is true that in the Denton case the Texas statute authorizing qualification of a foreign corporation to do business in the state was held unconstitutional, since it required as a condition of such qualification that the corporation relinquish its right of removal of cases to the federal courts. But the holding that there was no

---

3 N.Y.Gen.Corp.Law, §§ 15, 16, Consol. Laws of 1909, c. 23. These statutes were later changed to provide for the designation of the secretary of state as the agent of the corporation upon whom process might be served, but all prior designations of particular agents were continued. N.Y.Gen.Corp.Law, §§ 210, 213.

waiver was made an alternative ground of decision. It is also claimed that the act had already been repealed, and that the Texas records do not disclose any actual designation of the defendant corporation. But the facts stated by the court show that the repeal came after the action was brought, and the decision was rendered on the basis, admitted on the record, that the corporation had complied with the statute. Cases following and applying the Denton case include McLean v. State of Mississippi, 5 Cir., 96 F.2d 741, 119 A.L.R. 670, certiorari denied 59 S.Ct. 84, 83 L. Ed. ——, Heine Chimney Co. v. Rust Engineering Co., 7 Cir., 12 F.2d 596, and numerous district court decisions. Beech-Nut Packing Co. v. P. Lorillard Co., supra; Gray v. Reliance Life Ins. Co., D.C. W.D.La., 24 F.Supp. 144; Standard Stoker Co. v. Lower, D.C.Md., 46 F.2d 678; Thomas Kerfoot & Co. v. United Drug Co., D.C.Del., 38 F.2d 671; Jones v. Consolidated Wagon & Machine Co., D.C.S.D. Idaho, 31 F.2d 383, appeal dismissed 280 U.S. 519, 50 S.Ct. 65, 74 L.Ed. 589; Hagstoz v. Mutual Life Ins. Co. of New York, C.C.E.D.Pa., 179 F. 569; Platt v. Massachusetts Real-Estate Co., C.C.Mass., 103 F. 705.

The decision by the Fifth Circuit Court of Appeals in McLean v. State of Mississippi, supra, contains a careful analysis of the authorities and considers and disposes of the various objections offered against the ruling in the Denton case. Application for writ of certiorari in the McLean case was denied by the Supreme Court on October 10, 1938, after the decision below in the pending action. 59 S.Ct. 84, 83 L.Ed. ——.

Decisions and opinions to the contrary seem to be limited to the ruling of the district court, found in D.C.Ind., 23 F.2d 852 the case of Patten v. Dodge Mfg. Corp., supra—since the circuit court of appeals affirmed solely on the point of residence to which its opinion is cited above (7 Cir., 60 F.2d 676)—and some early rulings of lower courts. Shainwald v. Davids, D.C.N.D. Cal., 69 F. 704; and Consolidated Store-Service Co. v. Lamson Consolidated Store-Service Co., C.C.Mass., 41 F. 833, the force of which is weakened by the deci-sion of the same judge contra in Platt v. Massachusetts Real-Estate Co., supra.[4]

It is asserted, however, that the Denton case and the cases relying on it are not controlling here because they involved only a consent by the corporation through its designated agent to accept process, while the present consent is one to be sued within the state. And reliance is placed upon a recent case, decided by the Circuit Court of Appeals for the Tenth Circuit, Oklahoma Packing Co. v. Oklahoma Gas & Elec. Co., 100 F.2d 770.[5]

In this case the court, while recognizing the general rule referred to above, did hold that an Oklahoma statute required a consent not merely to accept process, but to be sued in the state courts (as indeed the trial court found, 100 F.2d at pages 773, 774), and that this consent likewise operated in the federal courts to constitute a waiver of the venue defense. Notwithstanding the authority of this court, we are not convinced of the soundness of this distinction. If state statutes of the form considered in the cases discussed above do not force a waiver of the federal venue privilege, it is difficult to see what is added by this further provision. It would mean, of course, that the addition of a few words to a state statute would demolish a privilege given by federal law. Moreover, as a practical matter, state legislation requiring consent to be sued as a condition of qualification is usually an unnecessary gesture, since state courts will have jurisdiction of such suits against foreign corporations as concern the state or its citizens, if service of process can be had on the corporation. The statute therefore need only provide for service of process. Indeed, the added provisions of the Oklahoma statute have another reasonable explanation, i.e., the necessity that suits against corporations should satisfy local requirements of venue, since the designated agent was to be found only at the State Capitol. Hence there was coupled with the requirement of the designation of an agent upon whom service of process might be made, the further statement that action might be brought in any county. Okl.Stat.1931, § 130, 18 Okl. St.Ann. § 452; cf. Okl.Const. Art. 9, § 43, Okl.St.Ann.

---

[4] Cf. also statements in Bogue v. Chicago, B. & Q. R. Co., D.C.S.D.Iowa, 193 F. 728, U. S. v. Sheridan, C.C.W.D.Ky., 119 F. 236, and O'Donnell v. Slade, D.C. M.D.Pa., 5 F.Supp. 265.

[5] Certiorari was granted April 17, 1939, 59 S.Ct. 789, 83 L.Ed. ——.

Whatever may be the force of the distinction, however, the court did recognize the general rule that a mere designation of an agent to accept process is not a waiver of the venue privilege. Appellants' attempted construction of the New York corporation laws as including a consent to be sued comparable to that found in the Oklahoma statute cannot be sustained. The applicable statutes in New York are clear in requiring merely the designation of an agent "upon whom all process in any action or proceedings against it may be served within this state."[6] It is true that another statute authorizes actions against foreign corporations under certain circumstances, including that "where a foreign corporation is doing business within this state." N.Y.Gen.Corp.Law, § 225. But this is but a general grant of jurisdiction applying to all actions within the defined classes, whether the corporation has properly qualified to do business or not and whether it is acting legally or illegally. Since, therefore, this general grant of jurisdiction operates independently of any designation of an agent to accept process, it cannot be construed to extend the consent which the corporation has made by affirmatively complying with the requirements of law as to doing business within the state.

Appellants also claim that the New York statute has been construed as one requiring the corporation's consent to be sued in the local courts, citing Smolik v. Philadelphia & Reading C. & I. Co., D.C. S.D.N.Y., 222 F. 148, and Bagdon v. Philadelphia & Reading C. & I. Co., 217 N.Y. 432, 111 N.E. 1075, L.R.A.1916F, 407, Ann. Cas.1918A, 389. These cases are relied on as showing the corporation's consent, by its designation of an agent to accept process, to being sued on all transitory actions, whereas without such designation, suit would lie only in the jurisdiction where it had done the business out of which the cause of action arose. But this concerns the jurisdiction of the court over the case, not the personal privilege as to the place of the suit accorded the defendant by Jud. Code § 51, 28 U.S.C.A. § 112. Jurisdiction over the causes was obtained, since personal service could be had on the defendants through their agents designated to accept process. Beech-Nut Packing Co. v. P. Lorillard Co., supra. So here, had plaintiffs been residents of the Southern District of New York, so that the venue was properly laid, service of process upon the defendant would have been had by service upon its agent. The cases do not go beyond this or affect the requirement of venue.

We conclude, therefore, that under existing law appellee was entitled to claim its privilege not to be sued in the Southern District of New York. When it did so,[7] there was no other course of action open to the court below but to dismiss the action as to it. There seems little hardship involved to the plaintiffs, for appellee can be sued in the appropriate federal districts, while the entire action as now conceived by the plaintiffs can be brought in the state courts. And if a change in policy is desirable, it must be sought from Congress. It follows that the order of dismissal as to appellee must be affirmed.

Affirmed.

---

[6] This is the wording of the present statute, N.Y.Gen.Corp.Law, § 210, under which the secretary of state is the agent to be designated; the language of the earlier statute was similar. See note 3, supra.

[7] The cumbersome method of claiming the privilege resorted to here—special appearance and motion to set aside service of the subpœna and the Marshal's return of service of the subpœna—may now be superseded by a simple motion to dismiss, under Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.