**FURGERSON et al. v. DIXIE MOTOR COACH CORPORATION.**

**WINTERS et al. v. SAME.**

Civil Actions Nos. 767, 768.

District Court, N. D. Texas,
Dallas Division.

Jan. 14, 1943.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, Tex., for the motions.

Caldwell, Baker & Jordan, of Dallas, Tex., opposed.

ATWELL, District Judge.

The defendant in each of the above causes is a resident of the state of Delaware. Each plaintiff is a resident of the state of Oklahoma. The suits are brought in the Dallas division of the northern district of Texas upon an happening alleged to have occurred in Texas. The defendant has nominated a service agent in Texas, in compliance with the state statute and as a requisite to its securing a permit to do business in Texas.

It moves to dismiss on the ground that jurisdiction being based on diversity, each suit must be brought in either the residence of the plaintiff or of the defendant.

The plaintiffs invoke the doctrine set forth in Neirbo Co. et al. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. That is a case by a divided court. Mr. Justice Frankfurter led the court's side, and Mr. Justice Roberts, joined by the Chief Justice and another, ably dissented.

The court reversed a strong opinion by the Circuit Court of Appeals for the Sec-

---

[12] United States v. Darby, supra, 312 U.S. page 118, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430.

ond Circuit. 103 F.2d 765. The dissent and the Circuit Court opinion have preserved and recognized the rule of stare decisis, discussed waiver, as well as pointed to the exact words of the Congress in Jud.Code, Section 51, 28 U.S.C.A. § 112. Those words are, "but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

A jurisdictional statute, followed in one way for a number of years by nisi prius and appellate courts, does not become an insuperable impediment strong enough to defy a present decision of the highest court. Even if that court seems to have ignored, in blazing a new road, well recognized guides that the student reveres, it is still the ranking court and its voice must be heard until it, itself, or Congress, again speaks differently.

The best that can be said is that we start all over again under this statute, and the motions to dismiss are overruled.