**THOMAS KERFOOT & CO., Limited, v.
UNITED DRUG CO. et al.
No. 747.**

District Court D. Delaware.
March 4, 1930.

E. Ennalls Berl (of Ward & Gray), of Wilmington, Del., and Asher Blum (of Mock & Blum), of New York City, for plaintiff.

William G. Mahaffy, of Wilmington, Del., and Edward S. Rogers, of New York City, for United Drug Co., and specially for Louis K. Liggett Co.

MORRIS, District Judge.

Thomas Kerfoot & Co., Limited, a British corporation, filed its bill of complaint alleging trade-mark infringement and unfair competition against United Drug Company, a Delaware corporation, and Louis K. Liggett Company, a Massachusetts corporation. The Liggett Company has promptly appeared specially and moved to dismiss the bill as to it upon the ground that by virtue of section 51 of the Judicial Code (28 USCA § 112) it is immune from suit in this district upon the present cause of action. The plaintiff, in opposing the motion, asserts that the pending suit is one of a local nature in that it is set out in the bill that many of the alleged wrongful acts were committed by the Liggett Company in the state of Delaware and that, consequently, the suit does not fall within the contemplation of section 51 (28 USCA § 112). It, likewise, asserts that even if the suit is one within that section, the Liggett Company waived its immunity thereunder by designating, pursuant to the laws of Delaware and prior to the commission of the alleged acts, an agent resident in Delaware upon whom process might be served.

Section 51 of the Judicial Code (28 USCA § 112) provides: " * * * except as provided in the six succeeding sections, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant. *. * * " The privilege of exemption therein provided is personal, and may be waived. In re Moore, 209 U. S. 490, 28 S. Ct. 585, 52 L. Ed. 904, 14 Ann. Cas. 1164; Interior Construction Co. v. Gibney, 160 U. S. 217, 16 S. Ct. 272, 40 L. Ed. 401. But a corporation, by doing business or appointing an agent to receive process in a district other than that in which it is created, does not waive its right, if seasonably availed of, to immunity from suit in such other district. In re Keasbey & Mattison Co., 160 U. S. 221, 229, 16 S. Ct. 273, 40 L. Ed. 402. Within the meaning of the jurisdictional statutes, a corporation re-

mains a resident and inhabitant of the state of its creation only, notwithstanding it is engaged in business in another state and has designated an agent resident in such other state upon whom process may be there served. Seaboard Co. v. Chicago, etc., Ry. Co., 270 U. S. 363, 46 S. Ct. 247, 70 L. Ed. 633; Macon Grocery Co. v. Atlantic Coast Line, 215 U. S. 501, 30 S. Ct. 184, 54 L. Ed. 300.

The bill charges "That said defendants have sold the preparation complained of in interstate commerce in the United States, * * * and more particularly, in the State and District of Delaware," and also "That many of the acts of unfair competition complained of herein have occurred in the State of Delaware" but these averments are not of a character to make the suit one of a local nature or bring it within any exception to the general rule of section 51 of the Judicial Code (28 USCA § 112). See Ladew v. Tennessee Copper Co., 218 U. S. 357, 31 S. Ct. 81, 54 L. Ed. 1069. The case of L. & N. R. Co. v. Chatters, 279 U. S. 320, 49 S. Ct. 329, 73 L. Ed. 711, relied upon by the plaintiff company, is not, as I understand it, an authority to the contrary. It was instituted in the district court for Eastern Louisiana by a citizen and resident of that district against a Virginia corporation and a Kentucky corporation. Jurisdiction of the cause was founded only on the fact that the action was between citizens of different states. Hence, jurisdiction over the persons of the defendants existed, if proper service was had, by reason of that clause of section 51 of the Judicial Code (28 USCA § 112), which provides that "where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant" and by reason of plaintiff's residence in the district in which the suit was brought. But the validity of the service of process against the Virginia corporation, made upon its designated agent, was challenged upon the ground that, under the laws of Louisiana, service upon such agent could be validly made only in suits arising out of business done by such corporation in that state and that the pending suit did not arise out of business there done. The question thus presented pertained solely to service of process, not, as does that in the suit at bar, to venue under section 51 of the Judicial Code (28 USCA § 112).

United Drug Company, the remaining defendant, has filed objections to certain interrogatories propounded to it by plaintiff inquiring with respect to the relations existing between the Drug Company which, the bill alleges, manufactured, bottled, and labeled the preparation, and the Liggett Company which sold it. In view of the principles set out in Nims on Unfair Competition and Trade Marks (3d Ed.) §§ 335 and 381, I think the facts inquired for are immaterial.

The motion of the Liggett Company to dismiss the bill of complaint as to it will be granted, and the Drug Company's objections to interrogatories of the plaintiff will be sustained.