JUELL v. COMMISSIONER OF IMMIGRATION AND NATURALIZATION.

No. 1716.

District Court, E. D. New York.

Feb. 18, 1941.

534

Thomas H. Matters, Jr., of New York City (Julius I. Puente, of New York City, of counsel), for plaintiff.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y., and Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y. (Ernest A. LaMothe, Senior Naturalization Examiner, of Brooklyn, N. Y., of counsel), for defendant.

GALSTON, District Judge.

The amended petition recites that the plaintiff was born in Norway on February 26, 1885; that he emigrated and arrived in the port of New York on May 16, 1904; that on February 2, 1905, in the County Court of Kings County, he declared his intention to become a citizen of the United States; that some time in the month of June or July, 1908, he became a naturalized citizen pursuant to the provisions of Section 2174 of the Revised Statutes, 8 U.S.C.A. § 388 note, relating to "Naturalization of Seamen"; that in 1921 a fire occurred at his home in Brooklyn and that among other things lost or destroyed was his certificate of citizenship; that in June, 1940, he applied to the Bureau of Maritime Inspection and Navigation of the Department of Commerce, Washington, D.C., for a certificate of identification and was informed that applicants claiming to be naturalized citizens must present their naturalization papers; that in October, 1940, he tried to secure from the Department of State a passport as an Amercian citizen and was advised that he must produce his certificate of citizenship; that some time in June, 1940, he requested the Commissioner of Immigration and Naturalization to issue a new certificate of citizenship but was informed that the naturalization records failed to disclose a record of his naturalization between 1907 and 1915.

The concluding allegation of the petition alleges that the Commissioner of Immigration refused to issue such a certificate of citizenship and accordingly the petitioner prays that this court order the Commissioner of Immigration and Naturalization to issue a new certificate of citizenship; or that the court make a finding upon the facts stated whether the petitioner has been at any time and is now a citizen of the United States; or that the court admit the petitioner to citizenship forthwith under Section 377 of Title 8, U.S.C.A.

Defendant thereupon moved to dismiss the action or to quash the return of service of summons on the following grounds: (a) that the defendant is a resident of the District of Columbia and was not subject

to service of process in the Eastern District of New York, and (b) that the defendant has not been properly served with process in this action. In the affidavit in support of the motion, Frank J. Parker, an assistant United States Attorney, sets forth that the amended summons and complaint were served in the office of the United States Attorney for the Eastern District of New York on or about December 10, 1940; that the office of the United States Attorney has not been authorized to accept service by the Commissioner of Immigration and Naturalization and that he is advised by H. A. Fisher, Acting Assistant Attorney General, that jurisdiction for a suit against the Commissioner of Immigration and Naturalization can only be obtained in the District of Columbia.

■ It must be noted at the outset that the action is brought against an unnamed officer of the United States Government. No authority is shown to sustain any such action. The defendant is neither named nor is his residence set forth. Service was not effected on the Commissioner of Immigration and Naturalization, but a copy of the summons was left in the office of the United States Attorney for the Eastern District of New York. There is no showing of statutory or other authority for effecting such service of process. This is not an action against the United States and consequently the provisions of Rule 4, subdivision d(4) and subdivision d(5), 28 U.S.C.A. following section 723c, are not applicable.

■ Moreover it must be observed that as provided in the Judicial Code, Title 28, U.S.C.A. § 112, "No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant". Now the court may take judicial notice that the office of the Commissioner of Immigration and Naturalization is in the District of Columbia. It certainly cannot take judicial notice of the fact that the unnamed person who holds that office is an inhabitant of the Eastern District of New York. There is no suggestion that the action is predicated upon diversity of citizenship and consequently the suit must be instituted in the district in which the defendant is an inhabitant. Seaboard Rice Milling Co. v. Chicago, R. I. & Pacific R. Co., 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633. See also Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437.

■ It is urged that the court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C.A. § 400, since it alleges an actual controversy, as in Perkins, Secretary of Labor, et al. v. Elg, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320. So much may be conceded but the concession relates only then to the subject matter of a suit between proper parties in a proper district.

■ Aside, however, from the technical defects which of themselves would sustain the motion to dismiss the action there are serious inconsistencies in the petition which should lead to a dismissal. Passing over the failure of the petition to allege in what court the petitioner was admitted to citizenship and also his failure to allege any effort to obtain a certified copy of the alleged naturalization certificate from such court, it appears that his birth, as stated in the body of the petition, is given as February 26, 1885, whereas in Exhibit E, attached to his petition and made part thereof, is the certificate of the Chief Clerk of the Board of Elections wherein the date of naturalization as given by the plaintiff was 1903. In 1903 he could have been only 18 years old. Moreover, in that exhibit he states that he had been for twenty-three years a resident of the State of New York at the time of his registration as a voter on October 15, 1921. That would carry the date of arrival in this country at least as far back as 1898, whereas in his declaration of intention to become a citizen he swears that he arrived in this country on May 16, 1904. Again in the petition he alleges that he became a naturalized citizen in 1908, whereas his statement to the Board of Elections gave the date of naturalization as 1903. Another glaring inconsistency develops from a reading of Exhibit G, consisting of a bill of sale of an enrolled vessel in which the plaintiff describes himself as the sole owner and from which it appears that he must have represented himself to be a citizen of the United States some time prior to May 24, 1904. It may be observed that in his petition Juell alleges that pursuant to the law in effect then, "only citizens of the United States could own and operate" vessels of American registry.

The petition, therefore, on its face fails to state a cause of action. Accordingly

the motion to set aside the return of summons and to dismiss the action must be granted. Settle order on notice.