## BENEFICIAL INDUSTRIAL LOAN CORPORATION et al. v. KLINE et al.

### Civ. No. 153.

District Court, S. D. Iowa, Central Division.
Oct. 16, 1941.

J. R. McManus and M. H. Johnson, both of Des Moines, Iowa, for plaintiff.

Edward E. Baron and A. H. Bolton, both of Sioux City, Iowa, and Joseph I. Brody, of Des Moines, Iowa, for defendant Kline.

John M. Rankin, Atty. Gen., and Floyd Philbrick, 1st Asst. Atty. Gen., for defendant Melvin W. Ellis, Supt. of Banking.

DEWEY, District Judge.

The action is brought to enjoin Earl L. Kline from using the trade name of Personal Finance Company, and to enjoin Melvin W. Ellis, Superintendent of Banking of the State of Iowa, from continuing a permit or license to the said Kline to do business in Iowa under said name. The complaint alleges that the plaintiffs are citizens and residents of the State of Delaware, but does not allege the residence or citizenship of either of the defendants.

To this complaint the defendant Earl L. Kline files three motions: First, to drop as party plaintiff the Beneficial Industrial Loan Corporation; second, to dismiss or transfer the action to the Northern District of Iowa; and, third, to drop Melvin W. Ellis, Superintendent of Banking of the State of Iowa, as party defendant.

These motions came on for hearing in open court at Des Moines, Iowa, on the 11th day of October, 1941.

During the arguments the plaintiffs asked leave to file an amendment to the petition and to set out the residence and citizenship of the parties defendants. This request was denied by the court pending consideration of the motions.

It is claimed, but not in the petition, that the jurisdiction of this court is based upon diversity of citizenship only.

Arguments of the defendant Kline that the case should be dismissed because of the failure of the plaintiff to set out the citizenship of the defendants is answered by Section 274c of the Judicial Code, Sec. 399, Title 28, U.S.C.A., providing that the plaintiff has the right, where he has failed to set out in his petition the citizenship of the defendants, to amend his pleading to so show, if he can, and that,

if such jurisdiction is thus shown, the action shall be continued as though the diversity of citizenship had been fully and completely pleaded at the inception of the suit.

■ The parties have confused the question of jurisdiction and venue. From arguments it is apparent that the defendants are citizens of the State of Iowa and the plaintiffs are non-residents with citizenship in Delaware, and that the amount in controversy exceeds $3,000. These facts confer jurisdiction and, as the plaintiff is entitled to file his amendment showing these facts, and, if he does so, the jurisdiction relates back to the time of the filing of the original petition, then there is no question but that this court would have jurisdiction.

■ The bothersome question is whether or not it has venue of the defendant Kline. The venue statutes for consideration are Sections 112 and 113 of Title 28, U.S.C. Section 112, so far as important here, provides: " * * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

This statute confines the jurisdiction of actions in personam to the district in which the defendant is an inhabitant, and there is no exception to the rule. Ladew v. Tennessee Copper Co., 218 U.S. 357, 31 S.Ct. 81, 54 L.Ed. 1069; Seaboard Rice Milling Co. v. Chicago, R. I. & P. R. Co., 270 U. S. 363, 46 S.Ct. 247, 70 L.Ed. 633; Putnam v. Ickes, 64 App.D.C. 339, 78 F.2d 223, 224.

Section 113, so far as important, provides: "When a State contains more than one district, every suit not of a local nature, in the district court thereof, against a single defendant, inhabitant of such State, must be brought in the district where he resides; but if there are two or more defendants, residing in different districts of the State, it may be brought in either district, * * *."

This is a suit in personam and not of a local nature, so that, very definitely, the venue, where the defendants are residents of the same state, is extended to any district of a state in which one of the defendants resides.

One of the motions of the defendant Kline recites that he is a resident of Sioux City, Iowa, which is not within the Southern District of Iowa, and in argument it was the claim of the plaintiff that Melvin W. Ellis, Superintendent of Banking, is a resident of the Southern District of Iowa because of the provisions of Section 9130 of the Code of Iowa, 1939, providing that the office of the Superintendent of Banking shall be at the seat of government, which is at Des Moines, but it is well known that Mr. Ellis is a resident of the Northern District of Iowa, and, under this situation, it appears to the court, without deciding it, that both of the defendants are residents of the Northern District of Iowa.

■ The plaintiffs claim that the defendants have waived the venue and it is true that Melvin W. Ellis has filed an answer and has waived the venue as to him, but it would not follow that because a co-defendant had waived the venue that this moving defendant, Earl L. Kline, had so waived. But it is claimed that Earl L. Kline has waived the venue by filing these motions, and it must be admitted that the questions thus presented are not without considerable difficulty.

■ Prior to the adoption of the new Federal Rules of Civil Procedure there can be no question but that where a motion or demurrer was filed to a complaint and the attack on the venue was coupled with a motion that raised questions as to the merits of the controversy, that such motion raising the question on the merits constituted a waiver of venue despite the fact that it was coupled with the motion as to venue. St. Louis, etc., Ry. Co. v. McBride, 141 U.S. 127, 11 S.Ct. 982, 35 L.Ed. 659.

■ Here there were three motions filed and there can be little question but that the first motion above referred to did go to the question of the merits and, under the above rule, such a motion would constitute a waiver of the venue and make the defendant Earl L. Kline a proper party to the suit in this district. However, these motions were not very artfully drawn and an examination of them clearly indicates that the pleader has confused jurisdiction with venue and tried to realign or reduce the parties so that the question of venue would be more apparent and did not intend to raise a question on the general issues. Also, the motions were all filed in the clerk's office at the same time and, for the

purpose of determining the waiver, they should be considered as one motion.

Rule 12 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides for the filing of a motion raising the question of improper venue and also of filing a motion for failure to state a claim upon which relief could be granted. Rule 12(b) also contains this provision: "No defense * * * is waived by being joined with one or more other defenses * * * in a * * * motion."

One of the questions here for determination is whether this abrogates the old rule of the federal courts that where a motion attacking the claim filed is joined with a motion attacking the venue it constitutes a waiver of the venue.

Judge Schwellenbach in the case of Smith v. Belmore, D.C., 1 F.R.D. 633, 635, believes that the foregoing Rule 12 does not change the rule with regard to waiver, but Dean Clark, referred to in this opinion, declared, "In view of the expressed language of Rule 12(b) third sentence, I am of the opinion that there is no waiver." See Federal Rules of Civil Procedure and Proceedings of the American Bar Association Institute, Cleveland, 1938, p. 245.

I am inclined to agree with Dean Clark, but on the ground that our new Rules of Civil Procedure often followed the procedure of certain states, including New York, and that there was at that time the law as declared by the supreme court of that State, that the joinder of a motion of an attack on the merits does not constitute a waiver of venue. Leonard v. Merchants' Coal Co., 2 Cir., 162 F. 885.

And bearing upon this is the question of what constitutes a waiver. A waiver is the voluntary relinquishment of a known right. A good illustration is the case at bar where the pleader was evidently trying to re-align the parties so that his attack on the venue should be more apparent, and to say that in thus acting he voluntarily relinquished his right to claim the very thing that he was attempting to claim, seems unreasonable.

I am therefore of the opinion that the filing of these motions by the defendant Kline does not constitute a waiver of venue in this case, but the question of venue can not be determined by the court until the position of the plaintiffs with reference thereto has been set forth in its amended complaint.

The motion of the plaintiffs that they be permitted to file an amendment to the petition should be sustained in order that they might comply with Rule 8(a) (1) and any other amendments, and that the defendant Kline may then have his motions considered as applying to the complaint as so amended, or he may again raise the question of venue as to such amended petition.

Plaintiff is therefore given three days to file an amendment to its petition.