**EIGHTH REGIONAL WAR LABOR BOARD et al. v. HUMBLE OIL & REFINING CO.**

No. 11157.

Circuit Court of Appeals, Fifth Circuit.

Dec. 21, 1944.

Rehearing Denied March 1, 1945.

Harry I. Rand and David A. Turner, Attys., Department of Justice, both of Washington, D. C., Francis M. Shea, Asst. Atty. Gen., Arnold Levy, Sp. Asst. to the Atty. Gen., Clyde O. Eastus, U. S. Atty., and Frank B. Potter, Asst. U. S. Atty., both of Fort Worth, Tex., for appellants.

Rex G. Baker, J. Q. Weatherly, R. E. Seagler, and John H. Crooker, all of Houston, Tex., and Neth L. Leachman, of Dallas, Tex., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This is an action by appellee for an injunction and a declaratory judgment. Among the sixty-odd appellants are members of the National War Labor Board and the Eighth Regional War Labor Board, the Economic Stabilization Director, the Petroleum Administrator, and other representatives of administrative agencies in Washington.

This appeal is from an interlocutory order granting a preliminary injunction restraining the appellants, their agents, principals, and all other persons whomsoever acting with them, from seizing appellee's refinery at Ingleside, Texas, and from inflicting upon appellee any sanctions or using any other coercive means to compel its obedience to the National War Labor Board's directive of April 1, 1944, which required the appellee to discharge any employee who was a member of the C. I. O. on April 20, 1944, or thereafter joined, if he resigned from that organization or otherwise failed to maintain his union membership in good standing.

The gravamen of the complaint was that, acting pursuant to a conspiracy formed by them to force the appellee to comply with the directive of April 1, 1944, the Texas defendants had improperly refused to process Form 10 applications filed by appellee, and the Washington defendants were threatening to take possession of its refinery. The prayer of the complaint was for a declaratory judgment adjudicating said directive to be void, or unenforceable by such means, or otherwise determining the respective rights of the parties, and for an injunction restraining appellants from in any manner attempting to coerce compliance with said directive or otherwise interfering with the relations between appellee and its employees.

This is an action purely in personam; the property threatened with seizure was not in the actual or constructive custody of the court below, and was not even situated in the Northern District of Texas. The subject matter of this suit is not real or personal property, but the legal effect of the acts, threats, orders, sanctions, directives, and predictions, of appellants with reference to the business of appellee. The controversy is over the rights and legal relations of the parties and their duties or breach of duties with respect thereto.

The Petroleum Administrator, the Director of Economic Stabilization, the members of the National War Labor Board, and certain other appellants, are nonresidents of the State of Texas, and were served with process in the District of Columbia. Those nonresident defendants did not consent to the venue of this action or to the jurisdiction of the court below, but entered a special appearance and moved to dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief could be granted. Without passing on the motion, the court below made an interlocutory order granting the

injunctive relief sought against the resident defendants, and against the nonresident defendants "to whatever extent this court may have jurisdiction over the persons of said defendants for injunction purposes."

▮ The jurisdiction of the district court is confined within strict limits, and its injunctive power is further encompassed. We know of no power in the court, without determining its own challenged jurisdiction, to issue its caveat "to whatever extent" jurisdiction may exist. An injunctive order of the court may not be so indefinite and uncertain or so aimlessly directed that its force and effect are wholly conjectural.

▮ In a civil suit in personam, jurisdiction over the defendant implies either voluntary appearance by him or effective service of process upon him; and under the general provisions of law a United States District Court may not subject a defendant in a civil suit to its jurisdiction in personam except by service within the district.[1] As we understand the appellee, it attempts to evade the force of this rule on two grounds. It first contends that, since the appeal is from an order granting a temporary injunction, and the merits of the case have not been decided, the only issue before the court is whether the lower court abused its discretion in granting the preliminary injunction. It is true that the nature of the appeal precludes a decision on the merits here, but the question of jurisdiction is always vital. A court must have jurisdiction as a prerequisite to the exercise of discretion. The question whether a court has abused its discretion necessarily involves the question whether a court has any discretion to abuse.

In the second place, it is urged that, even if the court had no jurisdiction over the nonresident defendants, they were not indispensable parties; that jurisdiction was obtained over the Texas defendants, with whom the Washington defendants were alleged to be conspiring and acting in concert to do the acts enjoined; and that the service of process on the Washington defendants put them on notice of the application for the injunction. It is said that these concurrent facts empowered the court to enjoin both the resident and nonresident defendants under Section 383 of Title 28, United States Code.[2]

▮ Without probing the soundness of this argument, it is important to point out that it presupposes acts, or the threat of acts, on the part of the Texas defendants against which injunctive relief would be appropriate. The party defendant to the injunction proceeding must be a principal actor before an injunction may issue against him and others "in active concert or participation" with him.[3] The appellee here had no real controversy with the Texas defendants at the time the injunction was issued.

▮ The only threatening action attributed to the Texas defendants was their refusal to process Form 10 applications, filed by the appellee, on the ground that the company had not complied with the directive of April 1, 1944. When the hearing below was had, there was no likelihood of a recurrence of this refusal, for the National Board had directed the Regional Board to take action thereon; and any doubt on the subject should have been resolved in favor of the regularity of official conduct.[4] Moreover, an order directing the Regional Board and its members to refrain from failing to process Form 10 applications filed by appellee was equivalent to a mandatory injunction to control their official conduct. Such an injunction should not be granted before final hearing except in circumstances of the clearest and most urgent necessity, which did not exist here.[5]

[1] Ladew v. Tenn. Copper Co., 218 U.S. 357, 31 S.Ct. 81, 54 L.Ed. 1069; Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119; Seaboard Rice Milling Co. v. C., R. I. & P. R. Co., 270 U.S. 363, 46 S.Ct. 247, 70 L. Ed. 633; Putnam v. Ickes, 64 App.D.C. 339, 78 F.2d 223; 1 Stat. 73, 79.

[2] 28 U.S.C.A. § 383, 38 Stat. 738.

[3] Cf. Osborn v. Bank of United States, 9 Wheat. 738, 22 U.S. 738, 6 L.Ed. 204.

[4] United States v. Chemical Foundation, 272 U.S. 1, 14–15, 47 S.Ct. 1, 71 L.Ed. 131; Waite v. Macy, 246 U.S. 606, 38 S. Ct. 395, 62 L.Ed. 892.

[5] American Lead Pencil Co. v. Schneegass, C.C.Ga., 178 F. 735; Cole Silver Mining Co. v. Virginia & Gold Hill Water Co., C.C.Nev., Fed.Cas.No. 2990; Myers v. L. & A. R. Co., D.C., 7 F.Supp. 92; Street's Fed. Ed. Practice, vol. 3, § 2289.

For these reasons, we conclude that the court below lacked jurisdiction to enjoin the nonresident defendants, and that no sound basis existed for the issuance of the injunction against the resident defendants. The order appealed from is reversed, the injunction dissolved, and the cause remanded to the District Court for further proceedings not inconsistent with this opinion.[6]

6 Cf. National War Labor Board v. Montgomery Ward & Co., Inc., App.D. C., 144 F.2d 528; National War Labor

Board v. United States Gypsum Company, App.D.C., 145 F.2d 97.