### DUGAN v. GARDNER.

### HIGLEY v. SAME.

District Court, S. D. New York.
Oct. 11, 1946.

George J. Engelman, of New York City, for plaintiffs.

John J. McElhinny, of New York City, for defendant, appearing specially for the sole purpose of objecting to the jurisdiction of the court over the person of the defendant and over the causes of action alleged.

CAFFEY, District Judge.

Motions, argued together, to dismiss the two above-entitled actions, brought to recover damages for personal injuries, on the ground that the venue is improperly laid in the Southern District of New York because they are actions based on diversity of citizenship and the defendant is a resident of the State of New Jersey and the plaintiffs are residents of the States of Washington and Minnesota, respectively. No objection is made that service of process was not properly made in this District.

The residence of the respective parties is admitted. The Central Railroad Company of New Jersey, in re-organization under Sec. 77 of the Bankruptcy Act, Sec. 205, Title 11, U.S.C.A., was incorporated in the State of New Jersey and, many years ago, obtained authority to do business as a foreign corporation in this State and appointed an agent in this State to receive service of process in suits against it, as required by the New York law, neither of which has been revoked. There appears to have been maintained, ever since, an office in this City and State. Plaintiffs contend that, upon these facts, this court has jurisdiction, while defendant contends that the railroad ceased doing business upon the due appointment of trustees in re-organization by the District Court of New Jersey (there were originally two trustees, the other, also a resident of New Jersey, having died), that he is now the owner of its property and that the office in this City is his office and not that of the railroad.

The Exhibits submitted by defendant upon these motions show that, pursuant to Section 77 of the Bankruptcy Act, Section 205, Title 11 U.S.C.A., the railroad company, on October 30, 1939, filed in the U. S. District Court for New Jersey its petition for re-organization under said Section, in which it stated that its principal operating office was in Jersey City, New Jersey; that on said day the court made an order approving its petition as properly filed, continuing the railroad company in the possession and operation of its railroad, and restraining and enjoining all persons from commencing any proceeding for obtaining any judgment, except that suits for damages caused by the operation of trains might be filed and prosecuted to judgment in any court of competent jurisdiction; that on November 28, 1939, the court made an order appointing the defendant (together with another, who has since died) trustees of the railroad company's property, vesting them with all its property and conferring upon them all rights, privileges, powers and duties which had been conferred upon the railroad in its order of October 30, 1939, with the same force and effect as though they had been named therein; that the trustees thereafter duly qualified; and that the court, by order dated June 24, 1946, conferred upon the defendant, as surviving trustee, all the rights, powers, privileges and duties conferred upon both trustees by its previous order of November 28, 1939.

Section 205, sub. c(2), 11 U.S.C.A., Section 77, sub. c(2), of the Bankruptcy Act, provides that a trustee, so appointed, "shall have all the title and shall exercise * * * all of the powers of a trustee appointed pursuant to section 72 or any other section of this title * * * and * * * the power to operate the business of the debtor."

In Meyer v. Fleming, 327 U.S. 161, 164, 66 S.Ct. 382, 384, the court said that "the title and powers of the trustee are by § 77, sub. c(2) assimilated to those of trustees in ordinary bankruptcy proceedings," and, in a footnote, 327 U.S. at page 165, 66 S.Ct. at page 385, pointed to Section 70, Section 110, 11 U.S.C.A., of the Bankruptcy Act as vesting title to the bankrupt's property in his trustee, adding that "The same is true under § 77 by reason of the provisions in § 77 sub. c(2)."

Section 70 provides that "the trustee of the estate of a bankrupt, upon his appointment and qualification, * * * shall * * * be vested by operation of law with the title of the bankrupt, * * * to all * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him."

In Isaacs, Trustee v. Hobbs Tie & Timber Co., 282 U.S. 734, 737, 51 S.Ct. 270, 271, 75 L.Ed. 645, the court said:

"The title and right to possession of all property owned and possessed by the bankrupt vests in the trustee."

■■■ Thus, it is conclusively clear that the title to all the property of the railroad company became vested in the trustees in 1939, and that the railroad company, although its corporate existence may not have terminated, cannot be said to have been doing business, either in New Jersey or in New York, since then. It is also clear that the railroad company cannot be held liable to the plaintiffs for the negligence of the employees of its trustee in re-organization (Detwiler v. Chicago, Rock Island & Pacific Ry. Co., D.C., D.Minn., 1st Div., 15 F.Supp. 541, 542).

Consequently the contention of plaintiffs that the railroad company, having obtained authority to do business in this State and having designated an agent upon whom process may be served, has thereby given its consent to be sued in this court within the doctrine of Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, need not be considered.

■■■ Thus, the question here narrows itself to whether this court has jurisdiction of an action brought by one non-resident against another non-resident. Obviously, it has not, unless the defendant has waived the privilege.

Section 51 of the Judicial Code, Section 112, Title 28 U.S.C.A., provides that, with certain exceptions not here material, "no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; * * *"

It has repeatedly been held by the Supreme Court that this Section merely confers a personal privilege upon the defendant, which he may assert, or may waive, if sued in another district than that of his residence, and that, if the privilege is seasonably asserted, as it is here, the suit must be dismissed for want of jurisdiction over his person.

See Seaboard Rice Milling Co. v. Chicago, Rock Island & Pacific Ry. Co., 270 U.S. 363, 365, 46 S.Ct. 247, 70 L.Ed. 633; Luckett v. Delpark, Inc., 270 U.S. 496, 499, 46 S.Ct. 397, 70 L.Ed. 703; General Investment Co. v. Lake Shore & Michigan Southern Ry. Co., 260 U.S. 261, 272, 273, 43 S.Ct. 106, 67 L.Ed. 244; and Lee v. Chesapeake & Ohio Ry. Co., 260 U.S. 653, 655, 656, 43 S.Ct. 230, 67 L.Ed. 443.

The Neirbo case does not hold to the contrary. It holds merely that a foreign corporation may waive the privilege by designating an agent for the service of process in another State.

Plaintiffs, however, contend that the residence of the defendant trustee is immaterial, that it is the residence of the

railroad company which controls. The pertinency of the contention is not apparent, for both the trustee and the railroad company are residents of New Jersey. Furthermore, the cases relied upon are, with one exception, cases where action was brought by a trustee in bankruptcy upon a claim of the bankrupt estate in a district court where the bankrupt might have sued but for the bankruptcy, and it was held that under Section 23 of the Bankruptcy Act, Section 46, Title 11 U.S.C.A., the residence of the bankrupt, not that of the trustee, was controlling. Obviously, they have no application here.

In the remaining case—Jacobowitz v. Thomson, 2 Cir., 141 F.2d 72—suit was brought in this court by a resident of this District to recover damages for the death of her son due to the alleged negligence of the defendant against the trustee in reorganization of the Chicago & Northwestern Railway Company, both of whom were residents of Illinois. The question was whether the defendant, as such trustee, was doing business in this State and, it being found that he was, jurisdiction was upheld. The case is not in point, for here both plaintiffs are non-residents.

Defendant's motion to dismiss these two actions must be granted. Settle order on two days' notice.