**HARTFORD ACCIDENT AND INDEM-NITY COMPANY, Plaintiff,**

v.

**WEST CHESTER ELECTRIC AND ELECTRONICS CO., INC. and Dorothy F. Pettit, as guardian for Patti A. Wunsch, Defendants.**

**Civ. A. No. 82–1466.**

United States District Court, M.D. Pennsylvania.

April 26, 1983.

Joseph P. Hafer, and Kevin E. Osborne, Thomas & Thomas, Harrisburg, Pa., for plaintiff.

Richard A. Kraemer, Margolis, Edelstein, Scherlis & Kraemer, Philadelphia, Pa., for defendants.

## MEMORANDUM

RAMBO, District Judge.

Hartford Accident and Indemnity Company has brought an action for a declaratory judgment of the parties' rights and obligations with respect to the medical expenses of Patti A. Wunsch. The action was brought in the Middle District of Pennsylvania because the plaintiff maintains an office at State College, Pennsylvania which is within the Middle District.

The defendant, West Chester Electric and Electronics Co., Inc., has moved for a trans-

fer of the case to the Eastern District of Pennsylvania because venue is improper in the Middle District. *See* Federal Rule of Civil Procedure 12(b)(3). The transfer would be accomplished under 28 U.S.C. § 1406(a).

The venue statute controlling this case is 28 U.S.C. § 1391(a). Section 1391(a) states:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

The plaintiff asserts that venue is proper in the Middle District since all plaintiffs reside therein. Hartford Accident and Indemnity is the only plaintiff and it has an office in State College, Pennsylvania.

■ The issue is whether the existence of an office of the plaintiff in State College is sufficient to establish the residence of a corporation for the purposes of venue under § 1391(a). The United States District Court for the District of Nevada analyzed the question of corporate residency for venue purposes in the following way:

Traditionally, the corporate residence, for venue purposes, has been limited to the state of incorporation. E.g., *Seaboard Rice Milling Co. v. Chicago, R.T. & P. Ry. Co.,* 270 U.S. 363, 366 [46 S.Ct. 247, 248, 70 L.Ed. 633] (1926). With respect to corporate *defendants,* 28 U.S.C. § 1391(c) redefines residence to include not only the state of incorporation but any state in which it does business as well. There is some early case support for the proposition that, in redefining the residence of the corporation defendants, subparagraph (c) of 28 U.S.C. § 1391 redefined that of corporate plaintiffs as well.... More recent cases reject this position and hold that, for venue purposes, the residence of a corporate *plaintiff* is limited to the state of its incorporation.... *American Cyanamid Co. v. Hammond Lead Products, Inc.,* 495 F.2d 1183 (3d Cir.1974).... (emphasis in original) *International Patent Development Corp. v. Wyomont Partners,* 489 F.Supp. 226, 229–30 (D.Nev.

1980). *See Strick Corp. v. A.J.F. Warehouse Distributors, Inc.,* 532 F.Supp. 951, 961 (E.D.Pa.1982).

The conclusion is that under § 1391(a) corporate residence is not established by merely having an office in the district. Thus Hartford's office in State College is not enough to make venue proper in the Middle District.

■ Since venue is improper, this court has two alternatives. The action may be dismissed because venue is improper, 28 U.S.C. § 1391(a), or the case may be transferred to a district in which it could have been brought, 28 U.S.C. § 1406(a). In this case the defendants have moved for a transfer to the United States District Court for the Eastern District of Pennsylvania. The defendants catalogue reasons why the Eastern District is the most appropriate one. They note that Ms. Wunsch was a resident in the Eastern District at the time she entered into the contracts, the place at which the parties entered into the contracts was in the Eastern District, and the defendant West Chester Electric and Electronics Co., Inc. has a place of business in the Eastern District. It would appear that transfer is preferable to dismissal.

Before this court may transfer the case to the Eastern District, it must determine "whether the transferee court would have had personal jurisdiction and venue over parties had action originally been filed in that court." *Johnson v. Helicopter & Airplane Services Corp.,* 389 F.Supp. 509, 523 (D.Md.1974). The defendant, West Chester Electric and Electronics Co., Inc., has a place of business at 706 East Market Street, West Chester, Pennsylvania. West Chester lies within the Eastern District of Pennsylvania. The guardian of Patti A. Wunsch resides in Downingtown, Pennsylvania which is the Eastern District. Personal jurisdiction thus appears to be proper in the Eastern District. Since both West Chester Electric and the guardian of Patti Wunsch are the only defendants and both can be found in the Eastern District, venue is proper in the Eastern District. 28 U.S.C. § 1391(a).

The specific request of the defendants that the case be transferred to the Eastern District and the factors they have presented in support of the request convince this court that the interest of justice would be served by the transfer. 28 U.S.C. § 1406(a). This case will be transferred to the United States District Court for the Eastern District of Pennsylvania.[1]

---

1. The defendant, West Chester Electric and Electronics Co., Inc., supplied a form order in compliance with Local Rule 401.1. The form order imposed all costs involved in the transfer on the plaintiff. The defendant's motion makes no such request, nor has the issue of costs been briefed by either party. Since neither the motion nor the brief in support addresses the issue of costs, the matter is deemed not to be before this court. Local Rule 401.1.