**BURLINGTON NORTHERN & SANTA FE RAILWAY COMPANY,**
Plaintiff,

v.

**HERZOG SERVICES, INC., Defendant.**

No. 4:97–CV–1013–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Jan. 7, 1998.

**504**

Jeffrey Jack Wolf, Fort Worth, TX, Harry Daniel Spain, Womble & Spain, Houston, TX, for Plaintiff.

Carol P. Keough, Coats Rose Yale Holm Ryman & Lee, Houston, TX, for Defendant.

## ORDER

McBRYDE, District Judge.

Came on for consideration the motion of defendant, Herzog Services, Inc., to transfer venue. The court, having considered the motion, the response of plaintiff, Burlington Northern & Santa Fe Railway Company, the record, and applicable authorities, finds that the motion should be denied.

■ Defendant argues that venue is to be determined pursuant to 28 U.S.C. § 1391(a) and that venue is not proper here because defendant neither resides here nor did a substantial part of the events giving rise to plaintiff's claims occur here. As the United States Supreme Court has explained, however, § 1391 has no application to a removed action. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665, 73 S.Ct. 900, 97 L.Ed. 1331 (1953). Venue of removed actions is governed by 28 U.S.C. § 1441(a). *Id.* Accordingly, venue is proper in the Fort Worth Division of the United States District Court for the Northern District of Texas, which is the district and division embracing the place where the action was pending at the time of removal. 28 U.S.C. § 1441(a); *Addison v. North Carolina Dep't of Crime*, 851 F.Supp. 214, 218 (M.D.N.C.1994). Al-

though there is authority that a removed case may be transferred to correct or cure a defect in venue, *see Addison*, 851 F.Supp. at 218; *Cook v. Shell Chem. Co.*, 730 F.Supp. 1381, 1382 (M.D.La.1990), the better reasoned authority says that it cannot be. *Bacik v. Peek*, 888 F.Supp. 1405, 1413 (N.D.Ohio 1993). Section 1406(a) provides for the transfer of a "case laying venue in the wrong division or district." "As its language suggests, the fundamental prerequisite for this statute's utilization is the impropriety of venue in the transferring or dismissing court." *Bacik*, 888 F.Supp. at 1413. Although the result may seem harsh, it is consistent with the teaching of the Supreme Court that a defendant who removes an action waives his objection to venue. *Seaboard Rice Milling Co. v. Chicago, R.I. & P. Ry.*, 270 U.S. 363, 367, 46 S.Ct. 247, 70 L.Ed. 633 (1926).

■ The only question is whether the action should be transferred pursuant to 28 U.S.C. § 1404(a) "[f]or the convenience of the parties and witnesses, in the interest of justice." The decision to transfer an action pursuant to § 1404(a) lies within the discretion of the district court. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.), *cert. denied*, 493 U.S. 935, 110 S.Ct. 328, 107 L.Ed.2d 318 (1989). The burden to demonstrate why the forum should be changed lies with the defendant. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966). Among the factors to be considered are the convenience of the parties and witnesses, the availability of process to compel the presence of unwilling witnesses, the cost of obtaining the presence of witnesses, the relative ease of access to sources of proof, calendar congestion, where the events in issue took place, and the interests of justice in general. *Bounty–Full Entertainment, Inc. v. Forever Blue Entertainment Group, Inc.*, 923 F.Supp. 950, 958 (S.D.Tex.1996). Having considered these factors, the court cannot find that defendant has made a showing sufficient to justify the transfer of this action for the convenience of parties and witnesses and in the interest of justice. Defendant's motion simply does not address transfer pursuant to § 1404(a) other

than in a conclusory manner as a further alternative for relief. Accordingly,

The court ORDERS that defendant's motion to transfer venue be, and is hereby, denied.