**TOKIO MARINE & FIRE INSURANCE CO., LTD.**

v.

**NIPPON EXPRESS U.S.A. (ILLINOIS), INC., Nippon Express Co., Ltd., International Transportation Service, Inc.**

**No. CV 99–11981CAS (MCX).**

United States District Court, C.D. California.

Jan. 24, 2000.

Michael W. Lodwick, Long Beach, CA, for plaintiff.

Howard L. Jacobs, Westlake VLG, CA, for defendant.

**MINUTE ORDER**

SNYDER, District Judge.

PROCEEDINGS: DEFENDANT'S MOTION TO STAY, DISMISS OR TRANSFER ACTION

I. *Introduction*

This action arises out of cargo damage to a shipment of car radio components that

were aboard the M/V Brooklyn Bridge, on or about November 20, 1998. The cargo was in transit from Kobe, Japan to Rushville, Indiana, via the Port of Long Beach, California. The cargo is alleged to have been damaged while being discharged at the Port of Long Beach. As a result of the damage to the cargo, plaintiff Tokio Marine and Fire Insurance Co., Ltd. ("Tokio Marine") paid its assured, owner/consignee Fujitsu Ten, $710,470.00. Tokio Marine brings this action against defendants to recover the payments made to its assured.

Tokio Marine filed its complaint in the Superior Court for the County of Los Angeles on August 19, 1999, against defendants Nippon Express U.S.A. (Illinois), Inc., Nippon Express Co., Ltd. (collectively "Nippon") and International Transportation Service, Inc. ("ITS"). The complaint alleges claims for damage to cargo, breach of contract, negligence and breach of duty to care for property in bailment against all defendants, and for breach of warranty of workmanlike service against defendant ITS.

Defendant ITS was personally served on October 18, 1999. Defendant Nippon received copies of the summons and complaint by certified mail on October 20, 1999. On November 18, 1999, defendants removed the case to this Court.

## II. *Motion to dismiss or transfer for improper venue*

Defendant Nippon brings this motion pursuant to Fed.R.Civ.P. 12(b)(3) to stay, dismiss or transfer this action based upon a forum selection clause contained in the bill of lading underlying this transaction.[1] The bill of lading contains a clause stating: "Disputes under this Bill of Lading shall be decided in accordance with the law of the United States of America and no action shall be brought against the Carrier except in the United States District Court at New York, N.Y., U.S.A." Decl. of Itaru

Mizote at Exh. A, ¶ 18. Nippon contends that the forum selection clause is valid under the Carriage of Goods by Sea Act ("COGSA") and should be enforced. *See* 46 App.U.S.C. § 1300 et seq.; *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995).

Plaintiff and defendant ITS oppose the motion. Plaintiff raises three arguments in opposition to Nippon's motion. First, plaintiff contends that Nippon waived a challenge to venue by removing to this Court. Second, plaintiff alleges that convenience and necessity countervail against enforcement of the forum selection clause. Finally, plaintiff argues that the forum selection clause is ambiguous because there are two district courts in New York City, and the bill of lading does not specify which is the proper venue. ITS, the stevedore company which discharged the cargo from the vessel, opposes the motion to the extent that it seeks to transfer plaintiff's claims against ITS to New York, contending that it is not a party to the bill of lading and that therefore venue would not be proper in New York for plaintiff's claims against it. ITS is a California corporation, and argues that neither it nor the claims against it have any connection with New York. ITS contends that when venue is proper as to one defendant but not to others, the Court may sever the action and transfer part of the action to the proper venue. ITS therefore suggests that should the Court transfer this case to New York, it should retain plaintiff's claims against ITS in California, where venue is proper for those claims.

## III. *Discussion*

### a. *Waiver*

The Court considers a motion to dismiss for improper venue based upon a forum selection clause pursuant to Fed.R.Civ.P. 12(b)(3), rather than Fed.R.Civ.P. 12(b)(6).

---

1. Defendants do not specify grounds upon which the Court should stay this action. Ac-

cordingly, the Court will treat the motion only as a motion to dismiss or transfer.

*See Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir.1996). The Court may therefore consider evidence outside of the pleadings. *Id.*

Defendant Nippon argues that it did not waive its objection to venue when it removed the case to this Court. *See Soil Shield Int'l, Inc. v. Lilly Indus., Inc.,* 1998 WL 283580 (N.D.Cal.1998). The authority on this issue suggests that defendants do not waive the right to challenge venue based upon a forum selection clause simply by filing a removal petition. *See id.* (objection to venue based upon forum selection clause not waived by removal); *see also Lambert v. Kysar,* 983 F.2d 1110, 1113 n. 2 (1st Cir.1993) (objection to venue not waived by removal); *Greenberg v. Giannini,* 140 F.2d 550, 553 (2d Cir.1944) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.' ").

Plaintiff argues that *Lambert* and similar cases fail to address two controlling Supreme Court decisions, *Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 665 n. 2, 73 S.Ct. 900, 97 L.Ed. 1331 (1953), and *Seaboard Rice Milling Co. v. Chicago, R.I. & P. Ry. Co.,* 270 U.S. 363, 367, 46 S.Ct. 247, 70 L.Ed. 633 (1926). Those cases, however, are inapplicable in this case, because neither addressed the applicability of a forum selection clause. Moreover, substantial authority exists demonstrating that forum selection clauses are often enforced, and actions transferred or dismissed, after removal. *See generally Spradlin v. Lear Siegler Mgmt. Svcs. Co., Inc.,* 926 F.2d 865, 868–69 (9th Cir.1991) (granting motion to dismiss after removal for improper venue based on forum selection clause.) While such cases do not address· the waiver argument, they demonstrate that defendants often challenge venue based on forum selection clauses even after removal, refuting plaintiff's contention that removal automatically waives a challenge to venue.

At oral argument, plaintiff cited Moore's Federal Practice 3d, ¶ 111.36[5][c] in support of his contention that removal in a case such as this waives an objection to improper venue based upon a forum selection clause. That section states as follows:

> When the improper venue objection is premised on a forum selection clause that designates the state court of another state or a foreign court as the exclusive forum for any dispute between the parties, an objection to the lack of proper venue based on the clause is not waived or cured if the defendant removes the action from state court, because such a clause renders the action unremovable as well as making venue improper under the general venue statute.... In contrast, when the forum selection clause specifies the state or federal courts of another state, the case is removable, and therefore the act of removal waives or cures any objection to federal venue the general venue statutes, because when an action is properly removable, it must be removed to the district court embracing the state court in which the action was commenced.

17 Moore's Federal Practice, 111.36[5][c] (Matthew Bender 3d ed.)

The case law and commentary in this area are less than consistent or clear. Moore's itself contains a statement contrary to the one quoted above, saying: "[c]ontrary to the general rule that the defendant's removal of the action from state court waives or cures any objection to improper venue in the federal court, and objection to the lack of proper venue based on a clause designating a state court of another state or a foreign court as the exclusive forum is not waived or cured if the defendant removes the action from state court." *Id.* at ¶ 111.04[3][d] (citing *Lambert* ).

■ The only mechanism by which Nippon could have the claim against it transferred to the contractually agreed venue was to remove and then seek transfer to the appropriate forum. As such, the Court finds that the better view is the view adopted by the First Circuit in *Lambert* and by the Northern District of California in *Soil Shield,* that defendants have not waived their right to enforce the forum selection clause based upon their removal to this Court. *See Soil Shield,* 1998 WL 283580 at *2 ("The law is clear ... Defendants have not waived any objection to venue by removing this action to federal court"); *see also* Schwarzer, Tashima & Wagstaffe, *Fed.Civ.Proc. Before Trial,* ¶ 2:1049.2 ("Despite removal, defendant may seek dismissal where a forum-selection clause renders venue improper in the forum state ..." (citing *Lambert* )).

### b. *Convenience and necessity*

Plaintiff next contends that convenience and necessity countervail against enforcement of the forum selection clause. Plaintiff argues that the loss at issue occurred in this District, and therefore the percipient witnesses and ITS' documents are located in this District. Plaintiff also argues that bifurcation of the two trials would result in two trials, in different districts, of the same operative facts, resulting in increased cost and risk of inconsistent factual findings.

■ The United States Supreme Court has held that a forum selection clause is presumptively valid and should not be set aside unless the party challenging the clause "could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). The Ninth Circuit has extended the holding of *M/S Bremen,* an admiralty case, to diversity and other non-admiralty cases. *See, e.g., Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 325 (9th Cir.1996) ("Although Bremen is an admiralty case, its standard has been widely applied to forum selection clauses in general.") Plaintiff has not demonstrated that enforcement of the forum selection would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching, nor has plaintiff demonstrated that convenience dictates that California is the appropriate venue for this action. Plaintiff's initial disclosure statement pursuant to Local Rule 6.2.1 contains a list of nine witnesses, only one of which is from California. Decl. of Howard L. Jacobs at Exh. 1, ¶ 1. Moreover, while the potential for duplicative litigation is a real one, that fact does not outweigh the strong policy favoring enforcement of forum selection clauses. *See The Bremen,* 407 U.S. at 18, 92 S.Ct. 1907 (Party opposing enforcement of forum selection clause has the burden "to show that trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.") Plaintiff has not demonstrated that a New York forum will result in no jurisdiction over ITS, but even had plaintiff made such a showing, the necessity of duplicative litigation does not effectively deprive plaintiff of its day in court. *See id.*

### c. *Ambiguity*

■ Finally, plaintiff argues that the forum selection clause is ambiguous, in that both the Southern District and Eastern Districts of New York would appear to be an appropriate forum for bringing this suit. Plaintiff correctly contends that "any ambiguity in the bill of lading must be construed in favor of the shipper and against the carrier." *All Pacific Trading, Inc. v. Vessel M/V Hanjin Yosu,* 7 F.3d 1427, 1431 (9th Cir.1993) (quoting *Institute of London Underwriters v. Sea–Land Serv., Inc.,* 881 F.2d 761, 767 (9th Cir. 1989)). While it is true that either the Southern District or the Eastern District of New York might be an appropriate forum, it is clear that the Central District of

California does not fall within the parameters of the clause. In *All Pacific*, the ambiguity made it unclear whether the party challenging the provision was a "Merchant" under the definition of that term in the bill of lading, and therefore subject to the bill of lading. There is no such ambiguity in this case.

Defendants argue that the perceived ambiguity does not provide a basis to ignore the provision altogether. Defendants provide, as an illustration, the forum selection clause at issue in *Stewart Organization v. Ricoh*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), which read: "Dealer and Ricoh agree that any appropriate state or federal district court located in the Borough of Manhattan, New York City, New York, shall have exclusive jurisdiction over any case or controversy arising under or in connection with this Agreement and shall be a proper forum in which to adjudicate such case or controversy." The *Ricoh* Court remanded the case in order for the district court to consider the forum selection clause, after which the district court enforced the clause and transferred the case. The Court finds that the similar provision at issue in this case, albeit permitting venue in more than one court, is not ambiguous since the potential venues available to plaintiff are clear. Plaintiff cites no authority for the proposition that a forum selection clause which permits a suit to be brought in more than one jurisdiction is unenforceable. The forum selection clause at issue, which permits venue in either the Southern or Eastern Districts of New York, does not permit venue in this district.

Since New York City's City Hall is in Manhattan, which is in the Southern District of New York, the Court transfers this action to the Southern rather than the Eastern District of New York unless plaintiff, within five days of the filing of this order, notifies the Court of its preference to proceed in the Eastern District of New York.

#### d. *Defendant ITS*

Defendant ITS contends that it is not bound by the forum selection clause at issue, since it was hired by Kawasaki Kisen Kaisha, Ltd. ("Kawasaki"). Kawasaki had a separate bill of lading, which expressly provides to its stevedore (ITS) the benefits of all rights, defenses, exemptions from or limitations of liability and immunities to which Kawasaki was entitled under its bill of lading, including a package limitation clause. ITS contends that neither it nor Kawasaki were party to the Nippon bill of lading containing the forum selection clause. ITS is incorporated in California and contends that the actions alleged against it occurred in California. ITS therefore argues that the proper forum for plaintiff's claims against it is this Court, because the actions complained of occurred in this district.

Neither plaintiff nor Nippon, the moving party, have established that the forum selection clause at issue applies to ITS. As such, plaintiff's claims against ITS shall remain in this Court.

### IV. *Conclusion*

For the foregoing reasons, Nippon's motion to stay, dismiss or transfer is granted in part and denied in part. The motion is granted as to plaintiff's claims against defendants Nippon Express U.S.A. (Illinois), Inc. and Nippon Express Co., Ltd., and those claims are severed. The claims against Nippon are hereby transferred to the United States District Court for the Southern District of New York. The motion is denied as to plaintiff's claims against defendant ITS. Those claims will remain in this Court.

IT IS SO ORDERED.