**James B. CAREY, as President of International Union of Electrical, Radio and Machine Workers, A.F.L.–C.I.O., an unincorporated labor organization, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, Defendant.**

United States District Court
S. D. New York.

Aug. 8, 1958.

Lieberman, Katz & Aronson, New York City, for plaintiff.

Gilbert & Segall, New York City, for defendant.

PALMIERI, District Judge.

Plaintiff, as President of the International Union of Electrical Radio and Machine Workers, A.F.L.-C.I.O. (Union), moves for an injunction, *pendente lite*, directing the defendant Company to cease refusing to process certain grievances in accordance with the collective bargaining agreement presently in effect between the Union and the Company. The injunction sought would also direct the Company to discuss the grievances in good faith in accordance with the agreement.

The agreement between the Union and the Company governs the labor-management relations of over 70,000 members of the Union who are employed by the Company. Of this number, approximately 10,000 are employed in the defendant's Louisville, Kentucky, plant. These 10,000 employees are presently on strike because of their dissatisfaction with the results of certain other completed grievance discussions, which are unrelated to the grievance discussions here sought to be compelled.

The discussions here at issue arise out of penalties imposed on thirty-eight employees of the Louisville plant because of their participation in an alleged slowdown. The Company has refused to continue the grievance discussions so long as the slowdown (and, presumably, the strike now in process) continues.

The complaint seeks an injunction compelling the Company to discuss the grievances, and, among other matters, restraining the Company from discharging the thirty-eight employees. There is no allegation, however, that the Company has indicated any intention to discharge the employees; and the preliminary injunction which is sought relates only to the grievance discussions.

A preliminary injunction should not be granted in the absence of a

showing that failure to grant it would cause the movant irreparable injury. Foundry Services v. Beneflux Corp., 2 Cir., 1953, 206 F.2d 214. Plaintiff has made no showing, either on the oral argument or in the briefs, which would justify the relief sought, at this stage of the proceedings. Furthermore, it would be improvident to grant the preliminary injunction, in a situation such as this, where "the effect of such an injunction is prematurely to give the party seeking it a substantial part of the relief sought in the final judgment." Foundry Services v. Beneflux Corp., supra at page 216.

Accordingly, the motion is denied. So ordered.