**Gerald J. PEDEN, Plaintiff,**

v.

**UNITED STATES CIVIL SERVICE COMMISSION, and Director, New York Region, United States Civil Service Commission, Defendants.**

**No. 71 Civ. 4868.**

United States District Court,
S. D. New York.

Dec. 17, 1971.

Supplemental Memorandum
Jan. 31, 1972.

Otto G. Obermaier, New York City, for plaintiff.

Whitney North Seymour, Jr., U. S. Atty. for Southern District of New York, for defendants; Alvin W. Fargo, III, Asst. U. S. Atty., of counsel.

## MEMORANDUM

BONSAL, District Judge.

This is an action in the nature of mandamus brought by plaintiff Gerald J. Peden to compel the defendants, United States Civil Service Commission ("Commission") and its Director for the New York Region, to adjudicate his administrative appeal from his dismissal as an employee of the Internal Revenue Service ("IRS"). Plaintiff asserts jurisdiction in this court under 28 U.S.C.

§§ 1331 and 1361. On November 16, 1971, plaintiff moved, pursuant to Rule 65, F.R.Civ.P., for a preliminary injunction enjoining the Commission from continuing to refuse to adjudicate his administrative appeal, and on November 22, 1971, in a supplemental memorandum, requested that the court treat his motion for a preliminary injunction also as a motion for summary judgment, pursuant to Rule 56, F.R.Civ.P.

In a letter dated January 28, 1970, the District Director of the IRS for the Manhattan District notified plaintiff that the IRS proposed to dismiss him from the IRS on the grounds that: (1) he had conspired to bribe IRS employees; (2) he had failed to report a conspiracy to bribe IRS employees; and (3) he had failed "to respond to questions in matters of official interest in violation of Section 1941.74 of the Rules of Conduct for Internal Revenue Service Employees."

After plaintiff replied to these charges in writing on January 30, 1970 and orally by counsel on February 4, 1970, he was notified by letter, dated March 4, 1970, of his dismissal from the IRS effective March 6, 1970. By letter dated March 6, 1970, plaintiff appealed his dismissal to the Commission on the following grounds: (1) the IRS had denied him due process; and (2) there was insufficient evidence to sustain the charges against him. Plaintiff also requested an evidentiary hearing. On March 11, 1970, the Commission accepted plaintiff's appeal for adjudication, but by letter dated April 21, 1970 informed him that his appeal was being suspended until a related criminal action pending in the office of the United States Attorney for the Southern District of New York was disposed of.

Nearly a year later, on April 5, 1971, plaintiff requested that the Commission proceed with his appeal since the United States Attorney's office had failed to indict him and there was no authority, either in statute or regulation, providing for the suspension of his appeal. On April 28, 1971 the Commission responded by letter that it had inherent authority to delay or advance an appeal for reasonable cause, and that it considered the request of the United States Attorney to delay plaintiff's appeal reasonable.

Following a further exchange of letters with the Commission, by letter dated June 11, 1971 plaintiff appealed the Commission's refusal to proceed with his appeal to the Board of Appeals of the Commission. The Board of Appeals referred plaintiff's letter to the Director of the Commission's Bureau of Personnel Management Evaluation, who, on July 2, 1971, wrote plaintiff that his appeal did not fall within "the Board's immediate purview." On September 9, 1971, by letter, plaintiff again requested that the Commission act on his appeal, and by letter dated September 22, 1971 the Commission informed plaintiff that his appeal would be suspended until the conclusion of the criminal proceedings pending against him. On June 24, 1971 a nine-count criminal indictment, 71 Cr. 681, was filed against the plaintiff. On November 8, 1971 plaintiff filed his complaint in this action.

In Checker Motors Corporation v. Chrysler Corporation, 405 F.2d 319, 323 (2d Cir.), cert. denied, 394 U.S. 999, 89 S.Ct. 1595, 22 L.Ed.2d 777 (1969), the court set out the following standards for the issuance of a preliminary injunction:

"The purpose of a preliminary injunction is to maintain the status quo pending a final determination of the merits, Unicon Management Corp. v. Koppers Co., 366 F.2d 199, 204 (2 Cir. 1966); Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738, 742 (2 Cir. 1953); 7 Moore's Federal Practice, ¶ 65.04, at 1625 (2d ed. 1966). It is an extraordinary remedy, and will not be granted except upon a clear showing of probable success *and* possible irrep-

arable injury. Clairol, Inc. v. Gillette Co., 389 F.2d 264, 265 (2 Cir. 1968); Societe Comptoir De L'Indus. etc. v. Alexander's Department Stores, Inc., 299 F.2d 33, 35, 1 A.L.R.3d 752 (2 Cir. 1962)"

■ Here the plaintiff seeks the issuance of a mandatory preliminary injunction, the effect of which would be to accelerate final determination and upset the status quo in this action. As noted in Rosenstiel v. Rosenstiel, 278 F.Supp. 794, 801 (S.D.N.Y.1967):

"[A] mandatory injunction should not be granted prior to final hearing 'except in circumstances of the clearest and most urgent necessity * * *.' Eighth Regional War Labor Bd. v. Humble Oil & Ref. Co., 145 F.2d 462, 464 (5th Cir. 1944), cert. denied, 325 U.S. 883, 65 S.Ct. 1577, 89 L.Ed. 1998 (1945); see W. A. Mack, Inc. v. General Motors Corp., 260 F.2d 886 (7th Cir. 1958); Clune v. Publishers' Ass'n, 214 F.Supp. 520 (S.D.N.Y.), aff'd per curiam, 314 F.2d 343 (2d Cir. 1963). Furthermore, under most circumstances, a preliminary injunction will not issue where it would give plaintiff the actual advantage to be obtained in a final decree. W. A. Mack, Inc. v. General Motors Corp., supra, 260 F.2d at 890; Foundry Servs., Inc. v. Beneflux Corp., 206 F. 2d 214 (2d Cir. 1953); Gross v. Kennedy, 183 F.Supp. 750, 757 (S.D.N.Y. 1960); Carey v. General Elec. Co., 165 F.Supp. 127 (S.D.N.Y.1958)."

The Commission states that it has consented to immediately proceed with the due process ground of plaintiff's appeal and that if plaintiff is successful on this ground, he will be reinstated in the IRS and will receive back pay from the date of his dismissal. The Commission further states that it will proceed with the rest of plaintiff's appeal, if that is necessary, as soon as plaintiff's criminal trial scheduled to begin January 10, 1972 has concluded. The Commission

contends that if it is ordered to go ahead with plaintiff's full appeal before his criminal trial, the plaintiff will be able to obtain criminal discovery far beyond that permitted by the Federal Rules of Criminal Procedure. Plaintiff states that during the twenty months following his dismissal he has suffered substantial economic hardship and has been unable to obtain satisfactory employment. Plaintiff argues that while the prosecutor in his criminal trial, who is not a party to this action, may be prejudiced by the prompt adjudication of the appeal to the Commission, the Commission will not be.

While there is no doubt that plaintiff has suffered on account of the suspension of his appeal, he nevertheless did acquiesce for nearly a year, from April 21, 1970 to April 5, 1971, to the Commission's determination to suspend his appeal. Moreover, if plaintiff is successful on his appeal, the due process ground being appealable immediately, he will be reinstated in the IRS with full back pay from the date of his dismissal. Consequently, the court finds that plaintiff has not made a showing of urgent necessity warranting the issuance of a mandatory preliminary injunction.

■ In his supplemental memorandum of November 22, 1971, plaintiff requests that if no preliminary injunction is granted, his motion be treated as a motion for summary judgment to mandamus the Commission to adjudicate immediately plaintiff's appeal, and to hold all necessary hearings in connection with his appeal. The Commission points out that plaintiff has not complied with either Rule 56, F.R.Civ.P., or General Rule 9 of this court, and that it should be given an opportunity to contest the issuance of a writ of mandamus, Georgia Southern & Florida Ry. v. Atlantic Coast Line R. R., 373 F.2d 493, 496–498 (5th Cir.), cert. denied, 389 U.S. 851, 88 S.Ct. 69, 19 L.Ed.2d 120 (1967). The court agrees. The Commission is given

until December 29, 1971 to submit such additional affidavits and legal memoranda as it is advised in opposition to plaintiff's application for summary judgment in the nature of a writ of mandamus.

Plaintiff's motion for a preliminary injunction is denied. Decision is reserved on plaintiff's motion for summary judgment.

The foregoing constitutes the court's findings of fact and conclusions of law with respect to plaintiff's motion for a preliminary injunction (Federal Rules of Civil Procedure, 52(a)).

It is so ordered.

## SUPPLEMENTAL MEMORANDUM
January 31, 1972

On November 16, 1971 plaintiff moved, pursuant to Rule 65, F.R.Civ.P., for a preliminary injunction enjoining the United States Civil Service Commission ("Commission") from continuing to refuse to adjudicate his administrative appeal from his dismissal as an employee of the Internal Revenue Service, and on November 22, 1971, in a supplemental memorandum, requested that the court treat his motion for a preliminary injunction also as a motion for summary judgment to mandamus the Commission. In a memorandum filed December 17, 1971, this court denied plaintiff's motion for a preliminary injunction and reserved decision on his motion for summary judgment.

In a letter dated December 27, 1971 the Commission informed plaintiff that the suspension of his administrative appeal had been lifted and that it was proceeding to adjudicate his appeal, and on January 21, 1972 the Commission scheduled an evidentiary hearing for February 8, 1972.

Since plaintiff has been accorded the relief he sought, his motion for summary judgment is denied as moot and his complaint is dismissed.

It is so ordered.