**Bobby QUICK, Shelia Quick, Plaintiffs,**

v.

**COALE, COOLEY, LIETZ, MCINERNY & BROADUS, P.C., d/b/a Coale Cooley Lietz McInerny, John P. Coale, Diane Cooley, David Lietz, Defendants.**

No. 1:01–CV–01007.

United States District Court, M.D. North Carolina.

Dec. 12, 2002.

**300**

Rachel Scott Decker, Donaldson & Black, P.A., Greensboro, NC, for Plaintiffs.

Harvey L. Cosper, Jr., Parker, Poe, Adams & Bernstein, Charlotte, NC, Kevin Lee Chignell, Parker, Poe, Adams & Bernstein, Raleigh, NC, for Defendants.

*MEMORANDUM OPINION and ORDER*

OSTEEN, District Judge.

This matter is before the court on Defendant Coale, Cooley, Lietz, McInerny & Broadus, P.C., d/b/a Coale Cooley Lietz McInerny, John P. Coale's, Diane Cooley's and David Lietz's ("Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) ("Rule 12(b)(3)"). This court

will deny Defendants' motion to dismiss because of the well-established rule that 28 U.S.C. § 1441(a), rather than 28 U.S.C. § 1391, governs venue of removed cases, and therefore, the Middle District of North Carolina is the proper venue for this action.

## I. PROCEDURAL HISTORY

On September 27, 2001, Plaintiffs Bobby and Shelia Quick ("Plaintiffs") brought this action in state court alleging fraud, civil conspiracy, breach of fiduciary duty, and breach of contract against Defendants Coale, Cooley, Lietz, McInerny, P.C., John P. Coale, Diane Cooley, David Lietz, Julia McInerny, and Deborah Jean for expenses associated with the prosecution and settlement of earlier litigation in which Defendants served as Plaintiffs' attorneys. Defendants timely removed the case to the Middle District of North Carolina on November 5, 2001, pursuant to 28 U.S.C. § 1441,[1] and this court exercised original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Plaintiffs amended the complaint on January 25, 2002, to dismiss Defendants Julia McInerny and Deborah Jean, and again on March 18, 2002, to change the name of the corporate defendant to "Coale, Cooley, Lietz, McInerny & Broadus, P.C. d/b/a Coale Cooley Lietz McInerny." On April 30, 2002, Defendants filed a motion to dismiss based on lack of venue in the Middle District of North Carolina.

## II. ANALYSIS

Motion to Dismiss Pursuant to Rule 12(b)(3).

■ Defendants argue that 28 U.S.C. § 1391, the general venue statute, governs the question of proper venue in this removed action. According to Defendants, this court lacks venue because contrary to the requirements of section 1391(a)(1), not all the defendants in this case reside in North Carolina, and contrary to subsection (2) of that section, a "substantial part of the events or omissions giving rise to the claim" did not occur in the Middle District of North Carolina. Regard-

---

1. Because the summons and complaint were not served upon Defendants until October 5, 2001, Defendants' filing of the notice of removal oc-

curred within the prescribed 30–day period. *See* 28 U.S.C. § 1446(b).

less of whether Defendants are correct in these assertions, however, Defendants' argument that section 1391 applies at all cannot be sustained. The case law is well settled that venue of removed actions is determined by section 1441(a), as opposed to section 1391. *See, e.g., Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 665–66, 73 S.Ct. 900, 902, 97 L.Ed. 1331 (1953); *Kerobo v. Southwestern Clean Fuels, Corp.,* 285 F.3d 531, 534 (6th Cir.2002); *PT United Can Co. v. Crown Cork & Seal Co.,* 138 F.3d 65, 72 (2d Cir. 1998); *Warren Bros. Co. v. Community Bldg. Corp. of Atlanta,* 386 F.Supp. 656, 662 (M.D.N.C.1974); *Tanglewood Mall, Inc. v. Chase Manhattan Bank (Nat. Ass'n),* 371 F.Supp. 722, 725 (W.D.Va.1974), *aff'd without opinion,* 508 F.2d 838 (4th Cir.1974), *cert. denied,* 421 U.S. 965, 95 S.Ct. 1954, 44 L.Ed.2d 452.

In *Polizzi,* the Supreme Court rejected section 1391(c) as the appropriate statute to determine proper venue of a removed action. *Polizzi,* 345 U.S. at 665, 73 S.Ct. at 902. The Court held that section 1441(a) governs venue in this type of case because removed actions are "not 'brought' in the District Court, nor [i]s Respondent 'sued' there ... Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Id.,* 345 U.S. at 666, 73 S.Ct. at 902. As the Court noted, the fact that the federal court to which the action is removed might not have been an appropriate venue if the action had been brought there initially is irrelevant. *Id.*

Here, Plaintiffs originally filed this case in the North Carolina General Court of Justice, Superior Court Division, Richmond County. Then, Defendants timely removed the case to this court pursuant to 28 U.S.C. §§ 1441, 1446. Because the Middle District of North Carolina embraces Richmond County pursuant to 28 U.S.C. 113(b), this court is the proper venue for this action. Therefore, this court will deny Defendants' motion to dismiss for lack of venue.

The court's denial of Defendants' motion to dismiss pursuant to Rule 12(b)(3) does not preclude Defendants from filing a motion to transfer the case pursuant to 28 U.S.C. § 1404(a). Under section 1404(a), a district court may transfer an action to any other district "[f]or the convenience of the parties and witnesses, in the interest of justice ...." Defendants have not addressed the factors specified in section 1404(a) for the court to consider. To the contrary, Defendants have mentioned transfer "in a conclusory manner as a further alternative for relief." *Burlington Northern & Santa Fe Ry. Co. v. Herzog Servs.,* 990 F.Supp. 503, 504–05 (N.D.Tex. 1998) (declining to transfer a removed action pursuant to section 1404(a) because the defendant failed to justify the transfer for the convenience of the parties, witnesses and in the interest of justice). Therefore, the court declines to transfer this case because Defendant has failed to address the specific factors listed in section 1404(a).

For the reasons set forth above, Defendants' Motion to Dismiss [27] pursuant to Rule 12(b)(3) is denied.